Colleen SHERROD, for herself and as next friend for her children Timothy Sherrod and Justin Sherrod; Luvenia Jackson, for herself and as next friend for her children, Viola Jackson, Walter Jackson, Anthony Jackson, Robert Williams and Lucinda Williams; and Debra Wilson, for herself and as next friend for her children Julie Wilson, Sara Starr, and Lisa Starr, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Leo HEGSTROM, individually and in his official capacity as Director, Department of Human Resources of the State of Oregon; and Keith Putnam, individually and in his official capacity as Administrator, Adult and Family Services Division of the State of Oregon; and Margaret Heckler, individually and in her official capacity as Secretary of the Department of Health and Human Services of the United States of America, Defendants.

Civ. No. 85–1322–FR.

United States District Court,
D. Oregon.

Oct. 22, 1985.

Mark B. Williams, Amy Veranth, Michael H. Marcus, Legal Aid Service, Portland, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., Mark Braverman, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for State of Or. defendants.

Charles H. Turner, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, Or., P.K. Abraham, Asst. Reg. Atty., Seattle, Wash., for Federal defendant.

FRYE, District Judge:

The matters before the court are the parties' motions for summary judgment.

## UNDISPUTED FACTS

Plaintiffs are families receiving or applying for Aid to Families with Dependent Children (AFDC) who have residing in their

family units both dependent children and children who receive independent child support payments from non-custodial parents. Prior to October 1984, there was no requirement that all family members residing in a single family unit be included in an application filed for AFDC. Prior to October 1984, a family applying for assistance could exclude from its family unit those family members with income that, if counted as family income, would reduce the amount of or terminate the family's AFDC benefits.

Effective October 1, 1984, 42 U.S.C. § 602(a) was amended by § 2604(a) of the Deficit Reduction Act of 1984 (DEFRA), Pub.L. No. 98–369, § 2640, 98 Stat. 1145 (1984) to require that a family applying for AFDC benefits either include in the family unit all siblings and half-siblings living in the same home or include in the family resources money available to all siblings and half-siblings such as child support payments from non-custodial parents.

At issue in this case is the validity of the DEFRA amendment 42 U.S.C. § 602(a)(38) (1984) and its subsequent interpretations by federal and state officials. Plaintiffs assert that the DEFRA amendment as interpreted by federal and state officials is invalid in that it is inconsistent with and not authorized by the Social Security Act, 42 U.S.C. § 601 *et seq.* and violates plaintiffs' constitutional rights as guaranteed by the Fifth, Tenth, and Fourteenth amendments to the United States Constitution.

### STATUTORY CLAIMS

■ Plaintiffs assert that the regulations adopted to implement 42 U.S.C. § 602(a)(38) violate the statutory scheme of the Social Security Act by forcing children who are not "dependent" to apply for welfare in order for their family unit to be adequately supported.

In addition, plaintiffs argue that to require income received by half-siblings of AFDC children to be counted as "available" to AFDC children, is inconsistent with the statutory scheme. Plaintiffs rely upon 42 U.S.C. § 602(a)(7) as interpreted in 45 CFR § 233.20(a)(3)(ii)(D) which provides:

(D) Income after application of disregards, except as provided in paragraph (a)(3)(xiii) of this section, and resources available for current use shall be considered. To the extent not inconsistent with any other provision of this chapter, income and resources are considered available both when actually available and when the applicant or recipient has a legal ability to make such sum available for support and maintenance.

Defendants argue that 42 U.S.C. § 602(a)(38) was intended to shift the focus in determining AFDC eligibility from the individual family members' needs to the collective needs of the family as a unit and accordingly requires that the parent(s) and all minor siblings residing with a dependent child who applies for assistance be included in the filing unit.

Defendants also contend that the "deeming" of income as available to the entire household has been upheld in other circumstances and furthers the Congressional mandate to "ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole." S.Rep. No. 300 at 165. The federal defendant relies upon cases where deeming provisions have been upheld by the courts. *See e.g. Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981) (Supreme Court upheld regulations that deemed income of a non-disabled spouse as available to a disabled spouse for purposes of Medicaid eligibility), and *Fleshman v. Heckler,* 709 F.2d 999 (5th Cir.1983) (Supplemental Security Income provision deeming parent or stepparent income to child upheld). Defendants argue that the Secretary's regulation does no more than implement the express statutory mandate which, absent constitutional defect, must stand.

### CONCLUSIONS OF THE COURT REGARDING STATUTORY CLAIMS

To the extent that plaintiffs argue that 42 U.S.C. § 602(a)(38) and its implementa-

tion by federal and state officials are not as Congress intended, plaintiffs' argument has no merit. The legislative history of the DEFRA shows that Congress intended the result that followed the passage of the Act. The court finds that the Secretary's interpretations of 42 U.S.C. § 602(a)(38) are reasonable and consistent with the established policy of deeming income among household members.

## CONSTITUTIONAL ISSUES

Plaintiffs also argue that the DEFRA amendment violates plaintiffs' equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution in that it creates a classification scheme not rationally related to any legitimate government purpose. Plaintiffs explain that under the new policy children who receive child support pursuant to court order and live with half-siblings on AFDC must use their child support to support their half-siblings while children who receive child support and live with half-siblings who do not receive AFDC are under no such obligation.

Plaintiffs also assert that the new policy violates plaintiffs' due process rights in that 1) it deprives the children plaintiffs of a protected liberty interest in living independent of the welfare rolls; 2) it deprives the children plaintiffs who receive child support of their property rights in their court ordered child support without due process of law; and 3) it deprives plaintiffs AFDC children of due process of law in that there is no independent determination that there is support "available" to them.

In support of their assertions that 42 U.S.C. § 602(a)(38) violates due process by creating a presumption that child support is available to the entire household without any factual determination, plaintiffs point to the case of *Gorrie v. Heckler*, 606 F.Supp. 368 (D.Minn.1985). In *Gorrie*, the court held that 42 U.S.C. § 602(a)(38) does not change the long-standing availability requirement contained in 42 U.S.C. § 602(a)(7) and that a state cannot presume that child support is available without a

factual determination. The court certified a class and entered a preliminary injunction requiring the state to hold a predeprivation hearing before applying the new amendment.

Defendants assert that the family filing unit concept imposed by § 2640(a) of DEFRA is a recognition by Congress that siblings related by blood and/or adoption who live together with a shared custodial parent will most likely utilize economies of scale and combine resources to meet their basic subsistence needs. This same concept has been accepted by courts as a legitimate government interest. *Brown v. Heckler*, 589 F.Supp. 985 (E.D.Pa.1984) (AFDC provision deeming the income of stepparent available to the family unit upheld). Defendants contend that Congress has simply recognized a need to reduce the cost of public programs and chose to limit scarce public funds in this manner. Defendants assert that Congress has wide latitude in choosing among competing demands for public funds and has simply exercised that discretion.

Defendants contend that the presumption that income is available to other household members does not violate any due process right in that there is no prohibition against such a presumption. Defendants point to a "closely analogous" case, *Kollett v. Harris*, 619 F.2d 134 (1st Cir.1980), in which the court upheld a regulation that deemed income of a stepparent as available to a stepchild, and rejected the contention that the regulation was overbroad because it did not permit individualized determinations.

## CONCLUSION OF THE COURT REGARDING CONSTITUTIONAL CLAIMS

Judicial scrutiny of classifications in welfare benefit laws has been minimal where a rational basis exists for the Congressional choice. *Califano v. Aznavorian*, 439 U.S. 170, 174, 99 S.Ct. 471, 473–74, 58 L.Ed.2d 435 (1978). The court finds that 42 U.S.C. § 602(a)(38) (1984) is not without a rational basis. It is rational to presume

that family units share expenses. In addition, there is no basis for requiring individualized determinations when Congress can rationally conclude not only that generalized rules are appropriate to its purpose and concerns, but also that the difficulties of individual determinations outweigh the marginal effectuation of congressional concerns which they may be expected to produce. *Weinberger v. Salfi*, 422 U.S. 749, 785, 95 S.Ct. 2457, 2476–77, 45 L.Ed.2d 522 (1975). The court concludes that the legislative classification in this case is rational and that individual determinations are not required.

The court finds that the amendment at issue in this case does not violate plaintiffs' constitutional rights and is therefore valid. In light of this finding plaintiffs' motion for class certification is deemed moot.

IT IS HEREBY ORDERED that summary judgment is granted in favor of the defendants and that plaintiffs' motion for class certification is deemed moot. Counsel for defendants should prepare the appropriate order concluding this action.