**Betty PHIPPS, Appellant,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 86–916.

Supreme Court of Iowa.

July 22, 1987.

Rehearing Denied Aug. 24, 1987.

---

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellee.

Anuradha Vaitheswaran and Martin Ozga, Cedar Rapids, for appellant.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, LAVORATO and NEUMAN, JJ.

HARRIS, Justice.

The question involves petitioner's benefits under the aid to families with dependent children program (AFDC). She challenges an agency ruling, affirmed on judicial review by the district court, which disqualified her household from benefits. We find the statute in question was misinterpreted by the agency and the district court. Hence we reverse and remand for entry of judgment restoring benefits.

The petitioner has four minor children. Three of the children were born of a marriage which ended about fourteen years ago. The fourth, Gregg, is the son of Roscoe Phipps, with whom petitioner resides. Betty and Roscoe Phipps have never been married. According to the petition for judicial review Roscoe Phipps is married to a third person who is not a party to this proceeding. Although Roscoe has worked and supported Gregg he has made no contribution to the support of Betty or her other children. Until August 1985, when Roscoe injured his back at work, Betty and her oldest three children received benefits under the AFDC program.

In September 1985 Roscoe began receiving workers' compensation payments of $183.59 per week. This was about $30 less than he had been earning as a full-time employee. Notwithstanding his work-related injury Roscoe continued to support and care for Gregg. He also continued to live in the household with Betty and her three children.

On September 3, 1985, Betty filed an application to add Roscoe and their son Gregg to the family's eligibility unit under the AFDC program. On September 9, 1985, the department of human services issued a notice of decision which denied her request and terminated the family's benefits. The notice recited that Betty's household income, including Roscoe's workers' compensation benefits, exceeded the family's standard of need under the program's minimum eligibility requirements. Stating that both Roscoe and Gregg were includible members of the Phipps' household for the purpose of calculating eligibility, the department proposed to terminate benefits on November 1, 1985.

Betty unsuccessfully appealed through administrative channels and thereafter sought judicial review. She has brought this appeal from the district court's affirmance of the adverse final agency action. The appeal presents a question of statutory interpretation.

The AFDC program was enacted by Congress in 1935 under Title IV–A of the Social Security Act, 42 U.S.C. § 601 et seq., as a cooperative effort between the federal

and state governments to assist "certain needy children and the parents or relatives with whom they live." *Oliver v. Ledbetter*, 624 F.Supp. 325, 327 (N.D.Ga.1985) (citing 42 U.S.C. § 602). The program was devised in an effort

> to promote the care of needy dependent children in their own homes or in those of relatives and to assist the parents or relatives with whom they live to attain self-sufficiency.

*Philadelphia Citizens in Action v. Schweiker*, 669 F.2d 877, 879 (3d Cir.1982); *see also Owens v. Heckler*, 753 F.2d 675, 679 (8th Cir.1985).

States choosing to participate in the program are required to submit plans for approval by the department of health and human services, 42 U.S.C. § 602(b); and, upon approval of their plans, states become eligible for federal reimbursement of more than half of the benefits paid and expenses incurred in administering the program. *Oliver*, 624 F.Supp. at 327 (citing 42 U.S.C. § 603). Administered locally by the states, AFDC programs must comport with state as well as federal regulations promulgated by the secretary of the department of health and human services. 42 U.S.C. § 603; 45 C.F.R. § 201 et seq. *See, e.g.,* Iowa Code ch. 239 (1987); 498 Iowa Admin. Code § 41.[1]

Under the AFDC program assistance is provided to "dependent children" under the age of eighteen when the financial resources of their "eligible group" do not exceed prescribed standards of need. 42 U.S.C. § 602(a). A "dependent child" is defined by the Act as a "needy child":

> (1) who has been deprived of parental support or care by reason of the death, continued absence from the home ... or physical or mental incapacity of a parent, and who is living with his father, mother, ... brother, sister, ... stepbrother, [or] stepsister ... in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen....

42 U.S.C. § 606(a). Thus, in order to qualify as a "needy child ... deprived of parental support or care," one must show that "both need and deprivation of parental support or care exist." 45 C.F.R. 233.-90(a)(1)(C)(1); *see also* Iowa Code § 239.1(2) (1985) (A dependent child is a "needy child under ... eighteen ... deprived of parental support or care by reason of ... physical or mental incapacity ... of the parent."); 498 Iowa Admin. Code § 41.1(5). Prior to 1984 it was clear that a dependent child's "eligible group," for the purpose of calculating income and eligibility for the AFDC program, did not need to include all co-resident family members. *Oliver*, 624 F.Supp. at 327. And prior to 1984:

> A family applying for AFDC assistance could therefore exclude from [its] filing unit those family members with income that, if counted in the family's net income, would reduce the amount of the family's AFDC benefits.

*Id.*

On October 1, 1984, however, pursuant to the federal deficit reduction Act (DEFRA) of 1984, Pub. L. No. 98–369, § 2640, 98 Stat. 1145 (1984), Congress amended 42 U.S.C. section 602(a). The purpose of the "DEFRA" amendment was:

> [T]o require that a family applying for AFDC benefits either include in the family unit all siblings and half-siblings living in the same home or include in the family resources money available to all siblings and half-siblings such as child support payments from non-custodial parents.

*Sherrod v. Hegstrom*, 629 F.Supp. 150, 151 (D.Ore.1985). *See also Oliver*, 624 F.Supp. at 330 ("DEFRA and its legislative history reflect a clear Congressional intent to include co-resident children in the AFDC family filing unit...."). According to DEFRA, in determining a dependent child's eligibility for benefits, states must include:

> (A) Any parent of such child, and
>
> (B) Any brother or sister of such child, *if such brother or sister meets the con-*

---

**1.** All references are to chapter 498 of the Iowa Administrative Code, which was transferred to chapter 441 of the Iowa Administrative Code in February 1987 pursuant to the "reorganization" of state government.

*ditions described in clauses (1) and (2)*[2] *of section 606(a) of this title* ... if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family....

42 U.S.C. § 602(a)(38) (emphasis added). 498 Iowa Admin. Code section 41.8(a) paralleled the federal provision, defining an eligible group to include:

> (1) The dependent child and any brother or sister of such child, of full or half blood or adoptive, if such brother or sister meets the eligibility requirements of age and school attendance specified in subrule 41.1(1) *and is deprived as specified in subrule 41.1(5),* or rule 498—42.-2(239) if the brother or sister is living in the same home as the dependent child....

(Emphasis added.) Thus the express language of the DEFRA amendment and its state progeny require the inclusion of a dependent child's siblings within his or her "eligible group" only if the siblings are also "dependent children" deprived of parental care or support under 42 U.S.C. section 606(a)(1), Iowa Code section 239.1(2) and 498 Iowa Admin. Code section 41.1(5). An interim DEFRA regulation promulgated by the secretary supports this interpretation, stating:

> For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and *otherwise eligible for assistance* ... any blood-related or adoptive brother or sister.

45 C.F.R. § 206.10(a)(1)(vii)(B) (emphasis added).

The legislative history accompanying the DEFRA amendments was clear. In fact the United States senate committee on finance, when considering them, wrote:

> There is [currently] no requirement ... that parents and all siblings be included in the AFDC filing unit. Families applying for assistance may exclude from the filing unit certain family members who have income which might reduce the family benefit. For example a family might choose to exclude a child who is receiving social security or child support payments, if the payments would reduce the family's benefits by an amount greater than the amount payable on behalf of the child.
>
> ....
>
> The provision approved by the Committee would require states to include in the filing unit the parents and all dependent minor siblings ... living with the child who applies for or receives AFDC.
>
> ....
>
> This change will end the present practice whereby families exclude members with income in order to maximize family benefits, and will ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole.

*Oliver,* 524 F.Supp. at 330 (citing S.Rep. No. 98–169, Senate Com. on Finance, 98th Cong., 2nd Session, Deficit Reduction Act of 1984, Explanation of Provisions Approved by Committee on March 21, 1984, Vol. 1, at p. 980 (Comm. Print 1984). *See also Sherrod,* 629 F.Supp. at 152 (The congressional intent underlying DEFRA is to deem income received by one member of an AFDC household available to all members of the household.); *Cunningham v. Toan,* 762 F.2d 63, 65 (8th Cir.1985); *Huber v. Blinzinger,* 626 F.Supp. 30, 33 (N.D.Ind. 1985).

The history and purpose of the Deficit Reduction Act was carefully traced in *Bowen v. Gilliard* —— U.S. ——, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), a case in which a constitutional challenge to the Act was rejected. Before rejecting the challenge, the United States Supreme Court explained the Act's purpose was to end the practice of

---

**2.** In relevant part, clauses (1) and (2) of section 606(a) require that brothers or sisters living with the dependent child be under eighteen years of age and needy children deprived of parental support or care due to the physical or mental incapacity of a parent.

arbitrarily deleting from an application for benefits any *dependent* child who might be entitled to other support. Nowhere is it suggested in *Bowen* or in the statutes or regulations involved that a non-dependent child had to be included in the calculation.

I. The Iowa Administrative Procedure Act (IAPA) governs judicial review of final agency action. Iowa Code § 17A.19 (1987). Section 17A.20 of the IAPA provides for our review of a district court judgment. "Our review is confined to the correction of errors of law made by that court." *Polk County Drainage Dist. Four v. Iowa Natural Resources Council*, 377 N.W.2d 236, 239 (Iowa 1985) (citing *Jackson County Public Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979)). In deciding whether a district court erred in applying the law we look to the standards set forth in Iowa Code section 17A.19(8).

II. In *Fransen v. Iowa Department of Human Services*, 376 N.W.2d 903, 908 (Iowa 1985), we set the standard by which this case should be decided:

> The practice of "deeming" or imputing income to be available to an AFDC recipient is improper ... when there is no legal obligation of support existing between the AFDC recipient and the person whose income is "deemed" available to the recipient.

We think the department, and the district court on review, erred in including Gregg for the purpose of calculating Betty's AFDC eligibility. To be sure, Congress expressed a clear intent to "deem" income received by one member of an AFDC household available to all members of the household. Nevertheless the DEFRA amendments strictly limited their application to include only siblings who qualify as "dependent children" otherwise eligible for assistance. Only if the minor siblings of an AFDC applicant meet the conditions of "dependency" set forth in 42 U.S.C. section 606(a)(1) and (2) did Congress intend for them to be included in the applicant's filing unit.

Gregg is not a "dependent child" because he has not been deprived of the care or support of his father. Therefore Gregg should not have been included in Betty Phipps' filing unit for the purpose of calculating AFDC eligibility. Neither should Roscoe Phipps' workers' compensation benefits, available to Gregg, have been "deemed available" to the entire Phipps household.

Roscoe Phipps owes no legal duty of support to Betty Phipps or her three children from a prior marriage. The parties themselves are not married to one another and no adoption has occurred. To "deem" Roscoe Phipps' income available, through Gregg, to the entire household would violate the express terms and provisions of 42 U.S.C. section 602(a)(38) and 45 C.F.R. section 206.10(a)(1)(vii)(B).

The decision of the district court must be reversed and the case remanded for entry of judgment in accordance with this opinion.

REVERSED AND REMANDED.