P.J. WISE, Appellant,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.

No. 87–382.

Supreme Court of Iowa.

June 15, 1988.

Carroll L. Lucht, and Petrice L. Whittaker, Student Legal Intern, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Candy Morgan, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

Petitioner, P.J. Wise, appeals from a district court decision which affirmed the action of the Iowa Department of Human Services (the agency) canceling her benefits under the Aid to Families with Dependent Children (AFDC) program. The agency found that petitioner's income exceeded the maximum limits due to educational loans she received while attending the College of Law at the University of Iowa. Petitioner contends that the agency's determination of her eligibility for benefits is invalid under federal guidelines which, under the supremacy clause of the federal constitution, renders that determination invalid. We are unable to agree with that contention and accordingly affirm the judgment of the district court.

The facts are not in dispute. At the time of the administrative hearing, petitioner was the divorced mother of a thirteen-year-old son who resided with her. At all times relevant to this appeal, she and her son received benefits under AFDC and Title IX programs. In May 1985, petitioner enrolled as a full-time student at the University of Iowa College of Law. She anticipated graduating in August of 1987.

Petitioner is financing her education with student loans. At the time she enrolled, she reported to the agency that she was expecting to receive certain federally guaranteed loans. As a result of petitioner's receipt of those loans, the agency recalculated her annual income for purposes of AFDC and Title IX benefits.

In recalculating petitioner's income, the agency allowed verified expenses for tuition, books, learning materials, photocopying, and transportation costs as deductions from the income or loan proceeds. The remainder of the loan proceeds was considered to be includible income in the benefit eligibility calculation on the theory that this was money available for general living expenses. As a result of this recalculation, the local agency office determined that petitioner and her son no longer qualified for AFDC assistance because their total available income exceeded program eligibility limits.

After an evidentiary hearing before an agency hearing officer, the determination of the local office was upheld. The district court affirmed the agency's ruling and held that the agency decision was not in conflict with controlling federal law.

The AFDC program was enacted by Congress in 1935 under Title IV–A of the Social Security Act, 42 U.S.C. section 601 *et seq.* as a joint federal and state benefits program designed to provide financial assistance to needy dependent children and the parents and relatives who live and care for them. *Phipps v. Iowa Dep't of Human Servs.,* 409 N.W.2d 174, 175–76 (Iowa 1987). Participation by a state is voluntary. However, in order for a state to qualify for federal AFDC funding, participating states must submit plans that conform to the Act and controlling federal regulations. Failure to comply may result in termination of federal funding. 42 U.S.C. § 604(a). State regulations which contravene the federal regulatory scheme are invalid under the supremacy clause of the United States Constitution. *Fransen v. Iowa Dep't of Human Servs.,* 376 N.W.2d 903, 906 (Iowa 1985). Iowa has

established such a participatory program by statute. Iowa Code ch. 239.

In determining an applicant's eligibility for AFDC benefits, each state participating in the program must determine a public assistance standard of need which is the level of income that the state believes necessary for an individual's maintenance and support. *See* 441 Iowa Admin. Code 41.-8(2). Under federal law, the state must take into account the income and resources available to the applicant. 42 U.S.C. § 602(a)(7); 45 C.F.R. § 233.20(a)(1). Not all income, however, is to be considered in determining need; several types of funds are excluded from the definition of income. 45 C.F.R. §§ 233.20(a)(3)(iv)(B), (a)(4)(ii) (1985).

The agency through administrative regulations has determined that all earned and unearned income, unless specifically exempted, is considered in determining eligibility of an applicant for AFDC benefits. Continuing eligibility exists when includible gross income does not exceed 185% of the standard of need for the eligible group and includible net income is less than the payment standard for the eligible group. The agency has determined that 185% of the standard for a two-member, eligible group, which is petitioner's case, is $778.85. The determination of the eligibility level is not at issue in the present action. If the student loan proceeds which are available for general living expenses are taken into consideration, petitioner's income exceeds that level.

In considering petitioner's argument that none of the loan proceeds should be included in determining AFDC eligibility, it appears that two federal regulations are applicable in determining whether financial aid to students is includible in the calculation of income for purposes of AFDC benefit eligibility. A regulation found in 45 C.F.R. section 233.20(a)(4)(ii)(d) mandates the exclusion of all grants or loans made to *undergraduate students* for educational purposes. The corresponding Iowa agency rule is found in 441 Iowa Administrative Code 41.7(6)(R). That regulation does not

aid petitioner because she is not an undergraduate student.

The applicable federal regulation vis-a-vis graduate students is found in 45 C.F.R. section 233.20(a)(3)(iv)(B). It provides that:

[I]n determining the availability of income and resources, the following will not be included as income ...

(B) loans and grants, such as scholarships, obtained and used under conditions that preclude their use for current living costs ...;

The corresponding agency regulation is 441 Iowa Administrative Code section 41.-7(6)(q), which provides that loans and grants which are restricted from use for current living costs must be excluded in the calculation of gross income.

Any reliance by petitioner on the regulation last quoted is of no avail because, as previously noted, the agency, in its calculation of benefit eligibility, did not include that portion of petitioner's loan or grant allocated to expenses other than general living costs, *i.e.*, tuition, books, learning materials, photocopying, and transportation costs. We are therefore not convinced that the determination denying petitioner's eligibility for benefits is, as she claims, in violation of any controlling federal regulation.

We also disagree with petitioner's suggestion that the decision in *Hayes v. City University of New York,* 503 F.Supp. 946 (S.D.N.Y.1980), *aff'd,* 648 F.2d 110 (2d Cir. 1981), supports her position. The *Hayes* case dealt with the effect of 45 C.F.R. section 233.20(a)(4)(ii)(d) on undergraduate students. The issue presented in *Hayes* was whether New York welfare agencies could, by recalculating the education expenses of undergraduate students, create a surplus of federal grant money includible in the computation of AFDC eligibility. The issues raised in the present case do not involve a redetermination by the agency as to petitioner's actual educational expenses. Moreover, petitioner does not suggest that the portion of the federally guaranteed loans which were considered as income for AFDC purposes were not available for general living expenses under the terms of the aid grant.

Petitioner also asserts that the educational institution's calculation of need for purposes of eligibility for federally guaranteed loans may not be disturbed by the agency. Assuming that this is correct, we fail to see how the University's determination of loan eligibility is a determinative factor one way or the other in deciding the issues which are before us. We have considered all arguments presented and find no basis for overturning the district court's decision.

AFFIRMED.