**Wilda HALL, Appellant,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 89–197.

Court of Appeals of Iowa.

Feb. 22, 1990.

Luke Cosgrove, Legal Services Corp. of Iowa, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Daniel W. Hart, Asst. Atty. Gen., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellant appeals the decision of the district court affirming the cancellation of her Aid to Dependent Children (ADC) benefits by the Department of Human Services. We affirm.

## I.

The Aid to Families with Dependent Children (AFDC) program is established by Title IV–A of the Federal Social Security Act, 42 U.S.C. § 601 et. seq., as a joint state-federal program for assistance to needy children and their families. At the federal level, the program is administered by the United States Department of Health and Human Services under regulations at 45 C.F.R. section 201.0–282.48. In Iowa, the program is referred to as Aid to Dependent Children (ADC) and is administered by the Iowa Department of Human Services under Iowa Code Chapter 239 and state administrative rules at 441 Iowa Administrative Code sections 401–48.2.

The state and federal governments cooperate in the funding and regulation of ADC programs. States are not required to participate in AFDC. If, however, a state has chosen to participate, it is required to follow the federal statute and the regulations promulgated by the federal Department of Health and Human Services. *See Lukhard v. Reed*, 481 U.S. 368, 371, 107 S.Ct. 1807, 1810, 95 L.Ed.2d 328, 333–34 (1987); *Wise v. Iowa Dep't of Human Servs.*, 424 N.W.2d 432, 433 (Iowa 1988). Each participating state in order to qualify for federal AFDC funding must submit plans that conform to the Act and controlling federal regulations. *Wise*, 424 N.W.2d at 433. Failure to comply may result in termination of federal funding. 42 U.S.C. § 604(a). In addition, state regulations which contravene the federal regulatory scheme are invalid under the supremacy clause of the United States Constitution. *Fransen v. Iowa Dep't of Human Servs.*, 376 N.W.2d 903, 906 (Iowa 1985).

ADC is available to a child who is "deprived of parental support or care by reason of death, continued absence from the home, physical or mental incapacity, or partial or total unemployment of the parent."

Iowa Code § 239.1(2). This definition of "dependent child" is almost identical to that adopted by the Congress at 42 U.S.C. section 606(a).

The thrust of appellant's claim is that she is entitled to ADC because her child is deprived of parental support or care by reason of the continued absence from the home of the child's father. Iowa Administrative Code at sections 441–41.1(5)(a) addresses the issue of parental absence. It states:

A child shall be considered as deprived of parental support or care when the parent is out of the home in which the child lives under the following conditions. When these conditions exist, the parent may be absent for any reason, and may have left only recently or some time previously.... The nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child; and the known or indefinite duration of the absence precludes relying on the parent to plan for the present support or care of the child.

Under 42 U.S.C. section 606(a), in order for a child to be eligible for AFDC due to the absence of a parent, the child must be deprived of parental support or care by reason of the parent's continued absence from the home. As is pointed out in the accompanying federal regulation:

Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as provider of maintenance, physical care, or guidance for the child, and the known or indefinite duration of the absence precludes counting on the parent's performance of the function of planning for the present support or care of the child. If these reasons exist, the parent may be absent for any reason, and may have left only recently or some time previously.

45 C.F.R. § 233.90(c)(1)(iii) (1988).

The agency found that appellant's husband was not continually absent from his

child's home. Our task is to determine whether this finding is supported by substantial evidence. *See* Iowa Code § 17A.19(8)(f).

## II.

This appeal results from a contested case state agency proceeding. *See* Iowa Code § 17A.2(2) (1987). In "contested case" proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7) (1987). The district court, when exercising the power of judicial review over agency action, is functioning in an appellate capacity to correct errors at law. Iowa Code § 17A.19(8) (1987). *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984).

■ Our review of the district court's decision is limited to correction of errors law. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 91 (Iowa 1982).

## III.

The appellant and her daughter live on one of six contiguous lots owned by her and her husband. On these lots are four mobile homes and two houses. The appellant's husband owns lots numbered two, three, and four; the appellant owns lots five, six, and seven.

Her husband presently lives in a small house approximately 120 feet from the mobile home in which she resides. He has not lived in the same house with his wife and child for approximately five years. He has continued to make repairs on her residence, provided storage for her possessions, and provided a joint post office box. Both parties' residences share the same water meter, and the appellant provides telephone service for her husband.

In 1987, when the larger house suffered flood damage, Mr. Hall (appellant's husband) was the one who reported it to the County Assessor's office. In 1989, when the larger house was again flood damaged, Mr. Hall moved out of the smaller home so that Mrs. Hall could store her possessions and furniture there. Mr. Hall then slept in a pickup parked in the driveway of the larger house. Mrs. Hall and their daughter moved into a trailer with the Halls' son, Rodney. Later, Mrs. Hall and their daughter moved into another trailer which had been occupied by the Halls' other son, Rick. There have been complaints by neighbors as to the number of occasions that Mr. and Mrs. Hall have been together. There is also testimony that Mr. Hall and his daughter have been in each other's company.

## IV.

■ The federal AFDC statute provides that to be eligible for AFDC based on the absence of the parent, the "dependent child" must be "deprived of parental support or care by reason of the continued absence from the home of a parent." 42 U.S.C. § 606(a). It is clear from the statute and the federal regulations which implement the AFDC program that the parent's absence must be continual and there must be a causal connection between the continued absence and the lack of parental care or support. 45 C.F.R. § 233.90(c)(1)(iii) (1987).

The administrative law judge found that Mr. Hall was not continually absent from appellant's home. We agree with the appellant that for these findings to have materiality to deny ADC benefits the absence of a parent from the home must not only be a continual absence, but the absence must be such as to be the cause of the deprivation of parental care or support.

■ The effect of the agency ruling is that the appellant's daughter has not been deprived of the parental support or care of her father. Under the substantial evidence standard of review, the agency decision must be upheld if a reasonable person could find the evidence adequate to reach the conclusion reached by the agency, even

if another conclusion could also be reached. *See Office of Consumer Advocate v. Iowa State Commerce Comm'n,* 428 N.W.2d 302, 304 (Iowa 1988); *Noland v. Iowa Dep't of Job Serv.,* 412 N.W.2d 904, 913 (Iowa 1987); *Meads v. Iowa Dep't of Social Servs.,* 366 N.W.2d 555, 558 (Iowa 1985). To the extent that the interpretation of the department's rules on deprivation of parental care or support due to absence are involved, the agency is entitled to a reasonable range of informed discretion in interpreting those rules. *See Miller v. Civil Constructors,* 373 N.W.2d 115, 117 (Iowa 1985); *Quenot v. Iowa Dep't of Job Serv.,* 339 N.W.2d 624, 626 (Iowa App.1983).

█ We conclude that the agency's fact' findings are supported by substantial evidence. We affirm.

We have carefully considered the remaining statements of issues presented by the appellant. We do not find it necessary to resolve those issues for they have no bearing on the outcome of this appeal.

AFFIRMED.