Angela ORRIS, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, Dr., Secretary of Health and Human Services, Third–Party Defendant–Appellant,

v.

Winona E. RUBIN, Director, Department of Human Services, State of Hawaii, Defendant–Third–Party Plaintiff–Appellee.

Angela ORRIS, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Dr., Secretary of Health and Human Services, Third–Party Defendant–Appellee,

v.

Winona E. RUBIN, Director, Department of Human Services, State of Hawaii, Defendant–Third–Party Plaintiff–Appellee.

Nos. 91–15405, 91–15485.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1992.

Decided Sept. 1, 1992.

Peter Maier, U.S. Dept. of Justice, Washington, D.C., for third-party defendant-appellant-cross-appellee.

Charles H. Hite, Legal Aid Soc. of Hawaii, Honolulu, Hawaii, for plaintiff-appellee-cross-appellant.

Rosemary McShane, Deputy Atty. Gen., Honolulu, Hawaii, for defendant third-party plaintiff-appellee.

Before: HALL, BRUNETTI and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

This case, which consolidates two cross-appeals from the district court's rulings on three cross-motions for summary judgment, arises out of a challenge to a determination made by the State of Hawaii's Department of Human Services that, because an AFDC[1] recipient's son and the son's natural father were to be included in the recipient's household for AFDC purposes, the natural father's disability income, which exceeded the Department's "standard of need" level for a family of five, rendered the household ineligible for receipt of further AFDC benefits. We affirm in part, reverse in part, and remand.

## FACTS AND PRIOR PROCEEDINGS

In 1979, Angela Orris ("Orris") began receiving AFDC benefits for herself and her two minor daughters. Six years later, Elvin Nicely, Sr. ("Father")—who is neither the step-, natural, nor adoptive father of Orris' two daughters—moved in with Orris, who subsequently gave birth to their son, Elvin Nicely, Jr. ("Son"). Father was later injured at work and, in 1987, began drawing temporary total disability ("TTD") workmen's compensation benefits. The following year, Hawaii's Department of Human Services ("DHS") discontinued Orris' AFDC benefits because Father's TTD benefits income exceeded DHS' "standard of need" maximum for a family of five.

Orris filed an administrative appeal, arguing that neither Father nor Son should be included in the family filing unit (i.e., the household consisting of Orris and her two daughters) because Father's lack of any legal obligation to support Orris or her daughters precluded Father's income from being viewed as support for anyone other than himself and Son. DHS rejected this contention, and Orris unsuccessfully sought further administrative review.

Following the exhaustion of her administrative remedies, Orris filed the instant action in state court against Winona Rubin ("Rubin") in her capacity as the Director of DHS. Orris and Rubin stipulated to a stay of those proceedings pending the outcome of a case then before the Supreme Court of Hawaii that involved issues similar to Orris'. When the Hawaii Supreme Court handed down a decision adverse to DHS in that case,[2] Rubin impleaded Louis Sullivan, M.D. ("Secretary" or "government") in his capacity as the Secretary of the United States Department of Health and Human Services. Secretary in turn removed the instant action to federal district court.

All three parties filed cross-motions for summary judgment. The district court granted in part and denied in part each motion, ruling that, while Son should be included in the family filing unit as a blood-related sibling of dependent children who was himself deprived of parental support because of Father's physical incapacity, Father should not be included in the family filing unit merely because of Son's inclusion. Secretary timely appealed, arguing that Father had to be included in the family filing unit as well, while Orris cross-appealed, challenging the district court's inclusion of Son in the family filing unit.

## ANALYSIS

### Standard of Review

■ We review *de novo* a district court's grant of summary judgment in a case involving the interpretation and application of AFDC legislation. *Rosas v. McMahon,* 945 F.2d 1469, 1472 n. 4 (9th Cir.1991).

### Discussion

Established by Congress in 1935, the AFDC program is a cooperative federal-state effort in which federal grants enable states to furnish financial assistance to needy, dependent children of parents or relatives with whom they are living. *See*

---

1. *See* Title IV–A of the Social Security Act, popularly known as the Aid to Families with Dependent Children Act, codified at 42 U.S.C. §§ 601–617.

2. *Sandry v. Rubin,* 70 Haw. 650, 796 P.2d 997 (1989) (unpublished opinion).

42 U.S.C. § 601.[3] Under AFDC, the federal government provides financial contributions to participating states which in turn administer their respective programs and are required to submit for federal approval state plans in conformity with the federal statute and its implementing regulations. *See id.*

Prior to the enactment of the Deficit Reduction Act of 1984 ("DEFRA"), there was no requirement that all coresident family members receiving AFDC benefits be included in the family filing unit for determining eligibility for those benefits. *See Bowen v. Gilliard,* 483 U.S. 587, 592–94, 107 S.Ct. 3008, 3012–13, 97 L.Ed.2d 485 (1987). As explained by the Senate Committee on Finance, however, DEFRA changed all that:

### "Present Law

"There is no requirement in present law that parents and all siblings be included in the AFDC filing unit. Families applying for assistance may exclude from the filing unit certain family members who have income which might reduce the family benefit. For example, a family might choose to exclude a child who is receiving social security or child support payments, if the payments would reduce the family's benefits by an amount greater than the amount payable on behalf of the child....

### "Explanation of Provision

"The provision approved by the Committee would require States to include in the filing unit the parents and all dependent minor siblings ... living with a child who applies for or receives AFDC....

"This change will end the present practice whereby families exclude members with income in order to maximize family benefits, and will ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole."

*Gilliard,* 483 U.S. at 593–94, 107 S.Ct. at 3013 (quoting S.Rep. No. 169, 98th Cong., 2d Sess., vol. 1, at 980).

In line with the above, section 2640(a) of DEFRA, codified at 42 U.S.C. § 602(a)(38), provides:

(a) A State plan for aid and services to needy families with children must—

. . . .

(38) provide that in making the determination [of eligibility] with respect to a dependent child ... the State agency shall ... include—

(A) any parent of such child, and

(B) any brother or sister of such child ... if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination....

*See also* 45 C.F.R. § 206.10(a)(1)(vii)(A), (B) (AFDC eligibility based on dependent child living in same household with, inter alios, natural parents and blood-related sisters).

The gist of Secretary's argument is that Father must be included in the Orris family filing unit if Son is so included, and Son must be included because he is a "deprived" child living in the same household as his parents and blood-related siblings, all but one of whom are receiving AFDC benefits. Orris contends that the district court erred by including Son in her household filing unit in the first place, arguing, *inter alia,* that he was neither "needy" nor "de-

---

**3.** Section 601 reads in its entirety: "For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary, State plans for aid and services to needy families with children."

prived" because Father's TTD income provided for his welfare.[4]

The only case apparently on all fours with the instant appeal is that of *Phipps v. Iowa Dep't of Human Servs.*, 409 N.W.2d 174 (Iowa 1987). In that case, Betty Phipps, a mother of three minor children, was receiving AFDC benefits when Roscoe Phipps [5]—not the father of her three children—moved in with her and fathered a son by her. Roscoe was subsequently injured at work and began receiving worker's compensation benefits. Betty then applied for an increase in her AFDC benefits on behalf of Roscoe and their son. The request was denied and, because Roscoe's disability income exceeded the statutory AFDC maximum for a family of six, the State discontinued Betty's AFDC benefits. Betty sued in state court and lost at trial.

On appeal, the Iowa Supreme Court reversed, holding that "[n]owhere is it suggested in *Bowen [v. Gilliard, supra,]* or in the statutes or regulations involved that a non-dependent child had to be included in the [AFDC family filing unit] calculation." 409 N.W.2d at 178. The court's ruling was based on two determinations: first, the son born to Betty and Roscoe was not a "dependent" child for purposes of AFDC because he continued to receive financial support from his father; and second, the support Roscoe owed and provided his son could not be deemed to extend to the other members of the household because Roscoe was neither married to Betty nor the father of her three other children. *Id.*

We cannot accept Orris' argument that we should follow the Iowa Supreme Court's analysis in *Phipps*. As shown above, the express wording of the 1984 DEFRA amendments to Title IV–A of the Social Security Act, DEFRA's legislative history, and the regulations promulgated thereunder, all indicate that Congress intended to include—virtually without qualification—in the definition of an AFDC family filing unit the parents of any child otherwise entitled to AFDC benefits if those parents are residing in the same household as that child. By distinguishing between needy and non-needy siblings living under the same roof in an AFDC household, the *Phipps* decision harkens back to pre-DEFRA days and flies in the face of Congress' unambiguously expressed intent to include in the definition of income attributable to an AFDC family filing unit virtually all income received by any parent, sibling, or other relative, regardless of individual "need".[6]

Those federal cases that are analogous to the facts of the instant appeal, nearly all of which involve the interplay of Social Security Old Age, Survivors and Disability Insurance benefits with AFDC benefits, have adhered to an interpretation that is consistent with the government's position here. *See, e.g., Gilliard*, 483 U.S. at 593 n. 5; *Bradley v. Austin*, 841 F.2d 1288, 1292–93 (6th Cir.1988); *Oliver v. Ledbetter*, 821 F.2d 1507, 1511–13 (11th Cir.1987); *Gorrie v. Bowen*, 809 F.2d 508, 513–18 (8th Cir. 1987). *Accord, Creaton v. Bowen*, 826 F.2d 6, 6 (9th Cir.1987) (per curiam) (adopting reasoning in *Oliver* and *Gorrie*). *See also Stroop v. Bowen*, 870 F.2d 969, 972 (4th Cir.1989), *rev'd on other grounds sub nom. Sullivan v. Stroop*, 496 U.S. 478, 110 S.Ct. 2499, 110 L.Ed.2d 438 (1990).

Father's injury constituted a "physical incapacity" as defined by 45 C.F.R. § 233.-

---

4. Orris also argues that, because Father's physical disability was not proven by Secretary below, Son cannot be deemed a "deprived" child within the meaning of 42 U.S.C. § 606(a)(1) and 45 C.F.R. § 233.90(c)(1)(i). Aside from the fact that Orris failed to present this argument first to the district court, the contention is meritless on its face: It is uncontroverted that, during all times relevant to this action, Father drew workmen's compensation benefits based on his showing of total disability. *Cf.* 45 C.F.R. § 233.-90(c)(1)(iv) ("A finding of eligibility for OASDI

or SSI benefits, based on disability or blindness[,] is acceptable proof of incapacity for AFDC purposes").

5. Although not married to Roscoe, Betty apparently adopted his surname. *Phipps,* 409 N.W.2d at 175.

6. We note in passing that no reported decision of any other court has adopted the analysis and holding of *Phipps* in the five years since it was handed down.

90(c)(1)(iv),[7] and this incapacity resulted in Son being labelled a "deprived" child under 42 U.S.C. § 606(a)(1).[8] As a deprived child who was under the age of eighteen and a blood-related sibling of Orris' two daughters, Son had to be included in the Orris household family filing unit as a "dependent" child for purposes of 42 U.S.C. § 606(a)(1) and (2)(A).[9] Because Son was included in the family filing unit, Father also had to be included therein as the parent of an AFDC-eligible child under 42 U.S.C. § 602(a)(38)(A), and any income received by Father had to be attributed to the household pursuant to 42 U.S.C. § 602(a)(38).

As the government conceded at oral argument, our holding results in something of an anomaly, *viz.*, so long as Father remained uninjured and did not collect TTD benefits, neither he nor Son could have been included in the family filing unit and Orris would have continued to receive AFDC benefits; yet, once Father had been injured (and, parenthetically, suffered a drop in income by accepting TTD benefits), both he and Son had to be included in the family filing unit, with the result that Orris was no longer eligible for AFDC benefits.[10] Nevertheless, as the Supreme Court recently noted in a slightly different context, "We do not say this is an inevitable interpretation of the statute; but it is assuredly a permissible one." *Sullivan v. Everhart*, 494 U.S. 83, 93, 110 S.Ct. 960, 966, 108 L.Ed.2d 72 (1990). Because we conclude that Secretary's interpretation and application of his own regulations to the facts of this case are neither irrational nor inconsistent with the statute, *see id.* at 89, 110 S.Ct. at 964, we hold that both Father and Son should have been included in the Orris household family filing unit.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.

The parties shall bear their own costs on appeal.

---

**7.** Section 233.90(c)(1)(iv) reads, in relevant part: " 'Physical or mental incapacity' of a parent shall be deemed to exist when one parent has a physical or mental defect, illness, or impairment. The incapacity shall be supported by competent medical testimony and must be of such a *debilitating nature as to reduce* substantially or eliminate the parent's ability to support or care for the otherwise eligible child and be expected to last for a period of at least 30 days.... A finding of eligibility for OASDI or SSI benefits, based on disability or blindness[,] is acceptable proof of incapacity for AFDC purposes."

**8.** Section 606(a)(1) reads, in relevant part: "The term 'dependent child' means a needy child who has been deprived of parental support or care by reason of the ... physical ... incapacity of a parent, and who is living with his father, mother, ... [or] stepsister[s], ... in a place of residence maintained by one or more of such relatives as his or their own home[.]"

**9.** A "dependent" child for purposes of 42 U.S.C. § 606(a) is one who is deemed to be "deprived" as defined by section 606(a)(1), *see* note 8, *supra*, "and (2) who is (A) under the age of eighteen[.]" 42 U.S.C. § 606(a)(2)(A).

**10.** As counsel for Orris conceded at oral argument, however, this result is no more anomalous than what would have happened if Father had legitimized Son by marrying Orris.