LOPEZ, Appellee,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellant.

[Cite as *Lopez v. Ohio Dept. of Human Serv.* (1993), 88 Ohio App.3d 231.]

Court of Appeals of Ohio,
Defiance County.

No. 4-93-6.

Decided June 11, 1993.

232

*Pamela Weaner,* for appellee.

*Lee Fisher,* Attorney General, and *Rebecca Fist,* Assistant Attorney General, for appellant.

HADLEY, Judge.

Appellant, the Ohio Department of Human Services ("ODHS"), appeals from a judgment in the Defiance County Court of Common Pleas which reversed an administrative agency's decision reducing the Aid to Families with Dependent Children benefits ("ADC") of appellee, Monica Lopez ("Monica"). Because of the issue raised in this appeal, this case is transferred from the accelerated calendar to the regular calendar.

The facts, as stipulated, are as follows. Monica resides with her minor daughter from a prior relationship, Christina Lopez; Monica's boyfriend, Roberto Martinez; and Monica and Roberto's minor daughter, Stephanie Martinez. Christina is a recipient of ADC benefits.

During part of the year, Roberto is employed in seasonal work. During that time, he and Stephanie are excluded from Christina's ADC assistance group. During the part of the year that Roberto is unemployed, he receives unemployment compensation. Effective January 1992, the Defiance County Department of Human Services determined that Roberto and Stephanie should be included in Christina's ADC assistance group and that Christina's ADC benefits should be reduced when Roberto is receiving unemployment compensation.

Monica appealed the decision of the Defiance County Department of Human Services and a state welfare hearing was held. The state hearing officer determined that the reduction in the ADC benefits was proper. Monica filed an administrative appeal, which was overruled. Monica then appealed to the Defiance County Court of Common Pleas. The Defiance County Court of Common Pleas disagreed with the administrative agency and department of human services and determined that there was no evidence in the record to support the administrative agency's decision and that the decision was, therefore, contrary to law. It is from this judgment that ODHS asserts the following assignment of error.

"The Defiance County Court of Common Pleas was in error when it determined that federal and state law do not require half-siblings of a child receiving ADC to be included in the assistance unit pursuant to 42 U.S.C. § 602(A)(38) where such half siblings are not independently ADC eligible."

This appeal centers on whether a half-sibling can be included in a child's ADC assistance group if there are no facts presented that the half-sibling is dependent other than the fact that the half-sibling's father receives unemployment compensation. ODHS argues that the administrative agency's interpretation should be adhered to, that a half-sibling should be included in an assistance group for another child when the half-sibling's parent receives unemployment compensation. Monica argues that ODHS's interpretation of the federal and state statutes relating to ADC benefits is inconsistent with the language of these statutes and that the judgment of the trial court should be affirmed.

■ Before examining the statutes involved, we must note that, although we are reviewing a decision of the trial court involving the decision of an administrative agency, we do not apply an "abuse of discretion" standard as this matter's only issue involves a question of law. Thus, we are permitted to apply our own determination as to the application and interpretation of the law involved. *In re Raymundo* (1990), 67 Ohio App.3d 262, 586 N.E.2d 1149.

■ Moreover, since we are called upon to review an interpretation of the law, we must give effect to the language as intended by Congress and the Ohio legislature, as that intention is implemented by and through the respective

agency. See *Sullivan v. Everhart* (1990), 494 U.S. 83, 110 S.Ct. 960, 108 L.Ed.2d 72, and *Jones Metal Products Co. v. Walker* (1972), 29 Ohio St.2d 173, 58 O.O.2d 393, 281 N.E.2d 1. Likewise, if the statute is ambiguous, the agency's interpretation of the statute is also given due deference. *Sullivan, supra; Jones Metal Products, supra.* This is because the agency, in exercising the day-to-day responsibility of implementing the intention of Congress, has acquired "substantial expertise." *Jones Metal Products, supra.*

Thus, necessary to this appeal is a recitation of the relevant portions of the federal law which implements ADC benefits for recipients in each state. Section 602(a)(38), Title 42, U.S.Code, states the persons to be included in a child's assistance group in order to determine the amount of benefits the child should receive.

"(a) Contents

"A State plan for aid and services to needy families with children must—

" * * *

"(38) provide that in making the determination [of eligibility] with respect to a dependent child * * * the State agency shall * * * include—

"(A) any parent of such child, and

"(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 606(a) of this title or in section 607(a) of this title,

"if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family * * *[.]"

■ Our first determination under this statute is whether Stephanie is a sister of Christina, pursuant to Section 602(a)(38)(B). Section 206.10(a)(1)(vii)(B), Title 45, C.F.R., provides some insight into this determination.

"(vii) For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:

" * * *

(B) Any blood-related or adoptive brother or sister[.]"

Therefore, as Christina is related by blood to Stephanie, Christina is a sister of Stephanie.

■  Our next determination is whether Stephanie meets the conditions of Sections 606(a) or 607(a), Title 42, U.S.Code, and, therefore, falls into Christina's assistance group. The relevant provision is Section 607(a), Title 42, U.S.Code, as it pertains directly to unemployment compensation. It states as follows:

"(a) 'Dependent child' defined. The term 'dependent child' shall, notwithstanding section * * * [42 U.S.C.S. § 606(a)], include a needy child who meets the requirements of * * * [42 U.S.C.S. § 606(a)(2)], who has been deprived of parental support or care by reason of the unemployment (as determined in accordance with standards prescribed by the Secretary) of the parent who is the principal earner, and who is living with any of the relatives specified in section * * * [42 U.S.C.S. § 606(a)(1)] in a place of residence maintained by one or more of such relatives as his (or their) own home."

Thus, if a child is deprived of her parent's support or care by reason of the parent's unemployment, the child is a dependent child and must be included in the [half] sibling's assistance group.

ODHS argues that if Stephanie's father is unemployed, that fact alone is sufficient to conclude that she is a dependent child. Monica argues that since Stephanie is not deprived of Roberto's support or care by reason of his unemployment, because Roberto receives unemployment compensation which supports Stephanie, Stephanie should not be deemed a dependent child, pursuant to Section 602(a)(38), Title 42, U.S.Code. We agree with the agency's interpretation of the statute.

In *Orris v. Sullivan* (C.A.9, 1992), 974 F.2d 109, a similar situation was presented to the Ninth Circuit Court of Appeals. A woman and her two daughters lived with a man and the man and woman had a son in Hawaii. The man was injured at work and began receiving workers' compensation benefits. After the man began receiving workers' compensation benefits, the Hawaii Department of Human Services discontinued the woman's AFDC benefits because the benefits exceeded the group's standard of need. A question was presented whether the man and the son should be included in the woman's and daughters' ADC family filing unit.

While the matter *sub judice* involves a parent being unemployed and *Orris* involved a parent being unable to work because of a physical injury, a statute analogous to Section 607, Title 42, U.S.Code, applies to determine whether a child is dependent. That statute is Section 606(a), Title 42, U.S.Code, which provides:

"(a) The term 'dependent child' means a needy child (1) who has been deprived of parental support or care by reason of the * * * physical * * * incapacity of a parent, and who is living with his father * * * in a place of residence maintained

by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen[.]"

Applying this statute to the facts, the Ninth Circuit Court of Appeals stated:

"Father's injury constituted a 'physical incapacity' as defined by 45 C.F.R. § 233.90(c)(1)(iv), and this incapacity resulted in Son being labelled a 'deprived' child under 42 U.S.C. § 606(a)(1). As a deprived child who was under the age of eighteen and a blood-related sibling of Orris' two daughters, Son had to be included in the Orris household family filing unit as a 'dependent' child for purposes of 42 U.S.C. § 606(a)(1) and (2)(A). Because Son was included in the family filing unit, Father also had to be included therein as the parent of an AFDC-eligible child under 42 U.S.C. § 602(a)(38)(A), and any income received by Father had to be attributed to the household pursuant to 42 U.S.C. § 602(a)(38)." (Footnotes omitted.)

Thus, analogizing the facts of the matter *sub judice* to *Orris*, we find that Stephanie and her father Roberto should have been included as part of Christina's assistance group. Roberto's unemployment results in Stephanie being labelled a "deprived" child pursuant to Section 607(a), Title 42, U.S.Code. Thus, as a deprived child who is under the age of eighteen Stephanie must be included in Christina's assistance group as a "dependent" child.

Although Monica argues that Stephanie is not dependent because her father supports her with his unemployment compensation funds, we disagree that federal or state law requires such a finding to be made after a child is included in an assistance group.

First, it is clear that Section 607(a), Title 42, U.S.Code, does not explicitly require a separate finding that any children that might be included in a dependent's assistance group are needy once the parent of that child has become unemployed. More important, Congress, in enacting and regulating, through its administrative agencies, both the ADC benefits and unemployment compensation benefits, was well aware of a need for a balance between the two assistance statutes. If Congress had intended for human services departments to consider unemployment compensation benefits in determining who belongs in an ADC applicant's assistance unit, it certainly would have spelled out that consideration in the ADC statutes. Thus, we can assume from the absence of consideration in the ADC calculation of such a prominent piece of legislation as unemployment compensation (or workers' compensation) that omission of the consideration was intentional. Therefore, the logical conclusion is that the absence requires us to consider only whether a parent has become unemployed. If a parent of a child has become unemployed, the child is a "dependent" child for purposes of calculating ADC.

Since Stephanie's father is unemployed, she is a "dependent" child and part of Christina's assistance group.

Ohio law is in conformity with this conclusion. The administrative regulations governing the calculation of ADC do not require that if a child is labelled a "dependent" child by reason of the parent's unemployment the department of human services then consider the child's need if the child's parent is receiving unemployment compensation. Ohio Adm.Code Chapter 5101:1-21 and 5101:1-3-15.

To determine who belongs in the child's assistance unit, Ohio Adm.Code 5101:1-21-011(I) states:

"(I) The following steps are used in determining the standard filing unit:

"(1) The standard filing unit is determined by first deciding for which child(ren) assistance is requested. The child for whom assistance is requested must be considered eligible by meeting the age and deprivation requirements of ADC eligibility. Income is not a factor at this point.

"(2) Add to the standard filing unit siblings living in the household who also meet the age and deprivation requirements and who are not specifically excluded. 'Sibling' means any and all blood-related or adoptive brothers and sisters. Income is not a factor at this point.

"(3) Add to the standard filing unit the parent(s) living in the household who are not specifically excluded. * * * Income is not a factor at this point.

"(4) This group is considered to be the standard filing unit or the assistance group. * * *

"(5) ADC eligibility is determined for the standard filing unit as a whole. The income and resources * * * of all people included in the assistance unit are used in determining eligibility for ADC and the amount of the ADC assistance payment."

Thus, pursuant to Ohio Adm.Code 5101:1-21-011(I)(2), Stephanie must meet the same age and deprivation requirements as Christina to be included in Christina's assistance group.

From the facts presented in the record and as there is no dispute about the age requirement by the parties, we find that Stephanie meets the age requirement for ADC eligibility. Ohio Adm.Code 5101:1-3-02.

The deprivation requirement is stated in Ohio Adm.Code 5101:1-3-011:

"Deprivation exists when the child has only one legal parent or when the child has lost the support or care of one or more of the legal parents as a result of:

" * * *

"(D) Unemployment of a legal parent."

Also, Ohio Adm.Code 5101:1–3–15 states:

"(A) Deprivation of parental support or care exists when the parent who is the principal earner is unemployed and is the parent with whom the child is living."

Therefore, a sibling can meet the deprivation requirement stated in Ohio Adm.Code 5101:1–21–011(I)(2) if her legal parent is unemployed. Stephanie's legal parent, Roberto, is unemployed; therefore, she meets the deprivation requirement.

Since Stephanie meets the age and deprivation requirements of Ohio Adm. Code 5101:1–21–011(I)(2), she is included in Christina's assistance group. Moreover, any funds received by siblings are not to be considered by ODHS when determining the persons to be included in the assistance group, as the regulations state that "[i]ncome is not a factor" in the process of determining who is included in the individual's assistance group. Ohio Adm.Code 5101:1–21–011.

Although Ohio requires that individuals be needy to receive ADC, the determination of need applies only to the individual receiving the benefits, not to persons who make up the individual's assistance group. Ohio Adm.Code 5101:1–3–20. This regulation requires that "an individual or family" be in need of financial assistance to be eligible for ADC. This regulation applies to the person or family receiving the aid, not to the determination of who is considered part of the individual's assistance person for purposes of calculating need. The financial resources of the assistance group determine the ADC applicant's "need."

Thus, the legislature of this state and Congress determined that the need requirement be applied only to the one requesting aid, and that it not be a factor in determining the composition of the applicant's assistance group. Therefore, need of the applicant is considered, but only after the assistance group has been established.

For these reasons, we decline to follow the trial court's reasoning in its judgment entry, or the reasoning by the court in *Fridley v. Ohio Dept. of Human Serv.*, Marion County C.P. No. 91CI–463, unreported, and *Peacock v. Ohio Dept. of Human Serv.* (Feb. 19, 1993), Marion County C.P. No. 92–CI–171, unreported.

For the above stated reasons, the judgment of the Defiance County Court of Common Pleas is reversed and the cause is remanded for proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.