Accordingly, judgment in favor of plaintiff-appellee was error as a matter of law and should be reversed.

---

**In re RAYMUNDO.**

[Cite as *In re Raymundo* (1990), 67 Ohio App.3d 262.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1221.

Decided April 5, 1990.

*Keating, Keating & Kuzman* and *W. Leo Keating,* for appellant Emmanuel Raymundo, M.D.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Steven P. Dlott,* Assistant Attorney General, for appellee State Medical Board of Ohio.

WHITESIDE, Judge.

Appellant, Emmanuel Raymundo, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the State Medical Board of Ohio to suspend appellant's medical license for one year and raises two assignments of error, as follows:

"1. The Court of Common Pleas erred to the prejudice of appellant in finding that the decision of the State Medical Board was supported by reliable, probative and substantial evidence and is in accordance with law.

"2. The Court of Common Pleas erred to the prejudice of the appellant in failing to find that the delay of appellee and appellee's failure to comply with statutory procedural requirements rendered the entire proceeding invalid."

By letter dated February 13, 1987, appellant, a licensed physician, was informed by the State Medical Board of Ohio ("board"), of disciplinary action it proposed to take against appellant based on alleged violations by appellant of provisions of R.C. 4731.22. Specifically, the letter stated that appellant's prescribing of certain drugs constituted "failure to use reasonable care discrimination in the administration of drugs"; "failure to employ acceptable scientific methods in the selection of drugs or other modalities for treatment of disease"; "selling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes"; and "a departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established." R.C. 4731.22(B)(2), (3), and (6). The letter also stated that appellant's recent misdemeanor conviction of attempted illegal processing of drug documents constituted a "conviction of a misdemeanor committed in the course of his practice" under R.C. 4731.22(B)(11).

Appellant requested a hearing which was subsequently held on January 25 and March 7, 1988, before a hearing examiner of the board. On February 10, 1989, a journal entry was entered which indicated that the hearing examiner who had conducted appellant's hearing was no longer with the board and that the new hearing examiner would, based upon the transcripts, testimony, and exhibits filed in appellant's case, issue a report and recommendation within thirty days.

Subsequently, on March 13, 1989, the board's new hearing examiner rendered her report and recommendation containing findings of fact and conclusions of law. The hearing examiner found that, during the course of treating an undisclosed patient ("Patient A"), appellant wrote prescriptions in the name of Patient A for Ambenyl Expectorant, a Schedule V controlled substance, Tylenol # 4, a Schedule III controlled substance, and Valium 10 mg., a Schedule IV controlled substance, all in daily dosages that exceeded the maximum recommended daily dosage set out in the Physicians' Desk Reference.

The hearing examiner also found that Patient A had been diagnosed by appellant as suffering from myocardial ischemia, hiatus hernia, spondylolisthesis, anxiety from family problems, severe hypertension, chronic bronchitis, and an ovarian cyst; that the board's expert witness disagreed with the majority of appellant's diagnoses of Patient A as well as the drugs prescribed, both in form and duration; that appellant testified that many of the prescrip-

tions in evidence written in Patient A's name were actually for both Patient A and her husband; that appellant had recently been convicted of two misdemeanor counts of attempted illegal processing of drug documents; but that appellant's three expert witnesses testified that, given appellant's diagnoses of Patient A, the drugs prescribed were appropriate.

The hearing examiner concluded that appellant's conduct violated R.C. 4731.22(B)(2), (3), (6), and (10), and recommended that appellant's license be revoked but that the revocation be stayed and appellant's license suspended for at least one year. Appellant filed objections to the report, but the board adopted the report and recommendations in full.

Appellant then filed an appeal to the Franklin County Common Pleas Court, during the pendency of which he was granted a stay from the board's order suspending his license. The common pleas court affirmed the order of the board, and appellant then timely filed the instant appeal.

By his first assignment of error, appellant contends that the judgment of the trial court is inconsistent with the evidence. In this regard, we must determine whether the common pleas court erred in concluding that the order of the board was supported by reliable, probative, and substantial evidence and was in accordance with law. *Haley v. Ohio State Dental Bd.* (1982), 7 Ohio App.3d 1, 3, 7 OBR 1, 3, 453 N.E.2d 1262, 1265. As to the factual issues, we may not substitute our conclusions for that of the trial court; rather, we are limited to deciding whether the order of the common pleas court constituted an abuse of discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280; *Kinney v. Dept. of Adm. Services* (1984), 14 Ohio App.3d 33, 14 OBR 37, 469 N.E.2d 1007. However, we apply our own determinations on questions of law.

Appellant contends that the evidence indicates, at best, differences of opinion among the testifying physicians and that such evidence does not demonstrate bad faith or incompetence. However, the board did not base its decision on bad faith or incompetence but on appellant's violation of various provisions of R.C. 4731.22, none of which contain standards of "bad faith" or "incompetence." The board was free to accept the opinion evidence of its experts rather than those of appellant's.

The record reasonably supports the board's conclusion that appellant's treatment of Patient A constituted grounds for suspension of his license. As stated above, appellant prescribed three drugs which are at issue here: Tylenol # 4, Valium and Ambenyl Expectorant. Appellant testified that he prescribed Tylenol # 4 to treat the pain caused by myocardial ischemia and hiatus hernia. Dr. Guthrie, the board's expert witness, testified first that only a "one in a million" chance existed that a female the age of Patient A would

actually suffer from myocardial ischemia and, secondly, that, even if she suffered from that malady, Tylenol # 4 was not an appropriate treatment. Dr. Guthrie also testified that Tylenol # 4 was inappropriate medication to treat hiatus hernia.

Appellant testified further that he prescribed Valium to treat Patient A's anxiety problems. Dr. Guthrie acknowledged that Valium is considered appropriate medication in "short-term anxiety situations," but testified that Valium is not recommended for long-term use and should be taken in conjunction with psychological counseling. The record indicates that appellant prescribed Valium for a period of at least thirteen months, and there is no suggestion that Patient A ever received counseling.

Dr. Guthrie also found no evidence of severe hypertension in Patient A's medical history as maintained by appellant despite appellant's diagnosis. Further, Dr. Guthrie testified that he found no evidence of chronic bronchitis and that, even if Patient A suffered from chronic bronchitis, the medication prescribed by appellant (Ambenyl Expectorant) was not only useless but may have been contraindicated by the diagnosis. Dr. Guthrie gave essentially the same testimony relative to appellant's diagnosis of spondylolisthesis and the concomitant prescribing of Tylenol # 4, except of relatively short-term treatment.

Finally, Dr. Guthrie indicated that the amounts of Ambenyl, Tylenol # 4, and Valium prescribed to Patient A over a thirteen-month period were extremely high; that the combination of the Tylenol # 4 and Valium subjected Patient A to a "profound amount of central nervous system depression"; and that Valium and the codeine in Ambenyl and Tylenol # 4 all had significant addictive potential.

Also submitted into evidence, on behalf of appellant, was the testimony of three physicians whose statements were admitted by way of depositions. All three physicians essentially testified that the three drugs in question were appropriate given appellant's diagnoses, although Dr. Dangaran testified that the drugs were generally advisable only for short-term use, which he described as five or six days.

Finally, on direct examination, appellant testified that some of the prescriptions written in the name of Patient A were intended for use by both Patient A and her husband.

In light of the foregoing evidence, the order of the board was supported by reliable, probative, and substantial evidence and the common pleas court did not abuse its discretion in affirming the board's order. Despite the conflict of opinion among the testifying physicians, the court of common pleas, absent a clear reason for contrary conclusions, should accept the board's resolution of

conflicts in the testimony before the board. *Mofu v. State Medical Bd.* (1984), 21 Ohio App.3d 182, 21 OBR 194, 486 N.E.2d 1169; see, also, *Univ. of Cincinnanti v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265.

Moreover, although appellant's medical experts disagreed with Dr. Guthrie and tended to find no fault with the choice of drugs appellant prescribed, the choice of drugs was not the only disputed practice. Also pertinent were the amounts prescribed, the duration of the prescriptions, the combined effects of the drugs and the medical diagnoses which provided the bases for the prescriptions. On these issues, the uncontradicted testimony of Dr. Guthrie provides ample support for the board's decision.

Furthermore, the evidence as to appellant's violation of R.C. 4731.22(B) is undisputed: appellant was convicted of two counts of attempted illegal processing of drug documents. This alone could justify the board's determination. Accordingly, the first assignment of error is not well taken.

By his second assignment of error, appellant contends that the trial court erred in affirming the decision of the board when the board's hearing examiner failed to render a written report within the time frame set forth in R.C. 4731.23(A). That section states in pertinent part:

" * * * [The] hearing examiner [appointed by the board] shall hear and consider the oral and documented evidence introduced by the parties and issue in writing proposed findings of fact and conclusions of law to the board for their consideration within thirty days following the close of the hearing."

The record demonstrates that oral testimony was taken before the hearing examiner on January 25 and March 7, 1988; that the depositions of appellant's three expert witnesses were filed with the board sometime in March 1988; and that the new hearing examiner did not issue a report until March 13, 1989. Thus, the board's hearing examiner failed to comply with the thirty-day mandate of R.C. 4731.23(A).

However, despite the error, appellant fails to allude to, much less demonstrate, any prejudice resulting from the error. He was granted a stay of the board's decision during pendency of this action both in the common pleas court and this court, so he has presumably continued to practice medicine.

Appellant argues that R.C. 4731.23(A) must be read *in pari materia* with R.C. 119.12, which mandates automatic reversal of the relevant administrative agency's decision when the agency fails to certify an appellant's record within the statutory time limits to the common pleas court upon appeal to that court. However, R.C. 119.12 is clear that reversal is statutorily mandated as a sanction for the agency's failure to comply with the mandatory time require-

ment. R.C. 4731.23(A) contains no equivalent language, and it would be improper for this court to add such mandatory reversal language to the statute. Ordinarily, a statutory requirement that an act be performed is mandatory while the time for performing the act is directory. This is especially true of a provision that a tribunal render a decision within a designated time. Failure to do so does not deprive the tribunal, in this case the board, of its jurisdiction to act. See *Kyes v. Pennsylvania RR. Co.* (1952), 158 Ohio St. 362, 49 O.O. 239, 109 N.E.2d 503.

Furthermore, appellant has demonstrated no prejudice from the delay even if it be error. The second assignment of error is not well taken.

Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY L. BRYANT and WILLIAM J. MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.