**VFW POST 1238 BELLEVUE, Appellee,**

v.

**LIQUOR CONTROL COMMISSION, Appellant.**

[Cite as *VFW Post 1238 Bellevue v. Ohio Liquor Control Comm.* (1998), 131 Ohio App.3d 591.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–97–051.

Decided Dec. 4, 1998.

*Darrell E. Fawley, Jr.* and *Kurt O. Gearhiser,* for appellee.

*Betty D. Montgomery,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellant.

HANDWORK, Presiding Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas, which reversed an order of appellant, the Ohio Liquor Control Commission ("commission"), which found appellee, VFW Post 1238 ("post"), in violation of Ohio Adm.Code 4301:1–1–53. For the reasons stated herein, this court reverses the judgment of the trial court and reinstates the order of the commission.

The commission sets forth the following assignment of error:

"The common pleas court abused its discretion to the prejudice of the Liquor Control Commission when it ruled the entry of liquor control enforcement investigators onto a liquor permit premises unlawful."

The following facts are relevant to this appeal. On November 22, 1995, the post was charged by the commission with four violations of Ohio Adm.Code 4301:1–1–53(B), gambling on a permit premises. These violations were observed by a commission agent on November 18, 1995. At a hearing before the commission on November 5, 1996, the parties stipulated to the following facts as set forth in the agent's summary:

"Agent J. Clark activated the electronic door buzzer at which time the door was electronically released from within, allowing Agent J. Clark to gain entry. Once inside, Agent J. Clark moved to a seated position of the patron bar, and was greeted by the lone on-duty barmaid * * *. During a brief conversation, Agent J. Clark placed an order for a Miller Lite Beer with [the barmaid], who questioned Agent J. Clark as to his membership status. Agent J. Clark informed [the barmaid] that he was not a member of this particular VFW, but was a member of the Willoughby Post, and displayed a valid U.S. Army Reservist identification card. [The barmaid] further questioned Agent J. Clark as to his affiliation with the Reserves with Agent J. Clark informing her of this particular weekend being a drill weekend. [The barmaid] questioned Agent J. Clark as to him possessing a valid membership card. Agent J. Clark stated that he never carries such card in fear that he may lost [*sic*] it, as he is a lifetime member. [The barmaid] then moved [to] a floor mounted cooler, extracted and secured a 12 oz. can labeled Miller Beer and requested a dollar payment. Moments later, Agent J. Clark

requested the purchase of three dollars worth of tip tickets labeled Jumpin Jo's which were * * * located on the back bar in plain view. [The barmaid] reached into the clear plastic cube containing numerous intact tip tickets thus removing three. After handing Agent J. Clark the three tip tickets labeled Jumpin Jo's, [the barmaid] removed three dollars from the bar top belonging to Agent J. Clark and placed the three dollars in currency into the bottom drawer of the plastic cube containing the tickets and corresponding with the brand sold. Agent J. Clark played all three tip tickets with no winning combinations obtained then secured the spent tickets on his person for evidence purposes. *Note:* during the elapsed time, Agent J. Clark observed numerous unidentified male and female patrons engaged in the purchasing and playing of various games of chance.

"Let it be known that Agents J. Clark or J. Eliason are not now nor have they ever been members of the V.F.W. Post 1238 Bellevue or any of its affiliates." (Emphasis *sic.*)

In its order of December 3, 1996, the commission found the post committed the violations and revoked the post's liquor license. The post appealed this order to the Huron County Court of Common Pleas. In a decision rendered on December 2, 1997, the common pleas court reversed the commission's order. The commission timely filed this appeal.

In its assignment of error, the commission argues that the trial court erred in finding the entry of the commission agent unlawful. This court finds merit to this argument.

In reviewing an order of an administrative agency, such as the commission, under R.C. 119.12, a court of common pleas is limited to determining whether the agency order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751. On appeal therefrom, an appellate court's review is even more limited. *Id.* With respect to factual issues, the scope of this court's review is limited to determining whether the common pleas court abused its discretion. *In re Raymundo* (1990), 67 Ohio App.3d 262, 265, 586 N.E.2d 1149, 1151. However, with respect to issues of law, the appellate court, like the court of common pleas, reviews the agency determinations *de novo. Id.*

In *AL Post 763 v. Ohio Liquor Control Comm.* (1998), 82 Ohio St.3d 108, 694 N.E.2d 905, syllabus, the Ohio Supreme Court held:

"1. The reasonable expectation of privacy in liquor permit premises is minimal because permit holders, regardless of permit class, consent to inspection of the premises by authorized agents through the provisions of the Liquor Control Act and accompanying administrative rules and regulations.

"2. When conducting a warrantless administrative search pursuant to a constitutionally valid statutory inspection program, peace officers and authorized

agents or employees of the Department of Liquor Control need not identify themselves prior to gaining entry to the permit premises."

■ In the case *sub judice*, the commission agent gained entry to the permit premises when he rang a bell outside a locked door and was allowed in when the door was electronically opened. He was not asked for membership credentials until after he had been admitted and after he had seen patrons purchasing and playing tip tickets.[1] This is evidence of gambling activity prohibited under R.C. Chapter 2915. Based upon the Ohio Supreme Court's decision in *AL Post 763 v. Ohio Liquor Control Comm.* (1998), 82 Ohio St.3d 108, 694 N.E.2d 905, syllabus, the trial court erred in its conclusion to reverse the commission's decision.

Accordingly, appellant's assignment of error is found well taken.

In its brief, appellee requested that if this court reversed the trial court that the case be remanded for the lower court to consider the constitutionality of Ohio Adm.Code 4301:1–1–79 ("OAC 79"). Appellee sets forth three arguments[2] challenging the constitutionality of OAC 79. In its brief, appellee states:

"Appellee has challenged the constitutionality of OAC 79. At the Commission hearing the Commission admitted [appellee's] Exhibit No. 1 which challenged the constitutionality of OAC 79. However, the Commission as an administrative agency cannot rule on constitutional issues. The court below found the entry unconstitutional and therefore did not rule on the issue of OAC 79."

However, a thorough review of the record below reveals that appellee did not challenge the constitutionality of OAC 79 in the trial court. In *Am. Legion Post 0046 Bellevue v. Ohio Liquor Control Comm.* (1996), 111 Ohio App.3d 795, 798, 677 N.E.2d 384, 386, this court stated:

■ "The commission has no authority to pass on the constitutionality of a statute. Therefore, in contrast to the requirement that a party must raise the constitutionality of a statute as applied to that party, at the first opportunity, a party need not raise the question of the facial constitutionality of a statute before the commission in order to be entitled to present it on appeal in the trial court.

---

1. Tip tickets are "gambling devices which when opened may reveal a symbol indicating that the purchaser has won money." *Columbus v. I.O.R.M., Sioux Tribe–Redman Club* (1993), 88 Ohio App.3d 215, 216, 623 N.E.2d 679, 680.

2. The following are appellee's three arguments:
 1. that Rule 79 is unconstitutional because it fails to establish time, place, and scope on warrantless searches of liquor establishments;
 2. that Rule 79 is unconstitutional because it was not enacted within the one hundred twenty days as required by R.C. 4301.10(A)(6); and
 3. that Rule 79 is unconstitutional because the legislature unconstitutionally delegated its power to the commission.

*Rahal v. Liquor Control Comm.* (1965), 1 Ohio App.2d 263, 271, 30 O.O.2d 287, 292, 204 N.E.2d 535, 540–541."

However, a party challenging the facial constitutionality of a statute must raise this argument in the trial court. *Abraham v. Natl. City Bank Corp.* (1990), 50 Ohio St.3d 175, 553 N.E.2d 619, fn. 1 (Appellate court need not consider constitutional argument raised for first time on appeal when party failed to raise the argument in the trial court.). See, also, *Remley v. Cincinnati Metro. Hous. Auth.* (1994), 99 Ohio App.3d 573, 651 N.E.2d 450. Because appellee failed to challenge the constitutionality of OAC 79 in the trial court, this court need not consider it on appeal. Therefore, this court will not address appellee's constitutional arguments.[3]

On consideration whereof, the court finds that substantial justice has not been done the party complaining, the judgment of the Huron County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.

---

3. Furthermore, even if this court were to address appellee's arguments, the same three arguments challenging the constitutionality of OAC 79 were found without merit by this court in *Am. Legion Post 0046 Bellevue v. Ohio Liquor Control Comm.*, 111 Ohio App.3d at 798–799, 677 N.E.2d 384, 386–387.