OPINION
Appellant Raike Associates, Inc. appeals the judgment of the Court of Common Pleas, Ashland County, upholding the decision of the Ohio Civil Rights Commission in favor of Appellee Rita Roper in an age discrimination complaint. The relevant facts leading to this appeal are as follows.
Prior to its dissolution, appellant was a closely held corporation engaged in the sale and installation of wave generation equipment for wave pools. Appellant had two principal shareholders: George Raike ("George") and Lavonne "Kelly" Raike ("Kelly"). Appellee Roper was employed by appellant as an accounting assistant and office manager from April, 1978 until March, 1997. George owns the patent on the particular wave generation equipment marketed by the company, and was responsible for installing the system for customers. Kelly held the title of Secretary and Treasurer, and like George, took compensation in the form of periodic draws from the company. At the time appellee's employment ended in March, 1997, appellant also employed Melinda "Peach" Knell and Thomas Wienclaw.
Appellee turned sixty-five on October 22, 1996. At some point in early 1996, appellee expressed to Kelly and George an intent to reduce her hours to part-time, to coincide with her upcoming eligibility date for Social Security benefits. Appellee was aware at that time of the need to change to part-time status prior to the end of 1996 in order to limit her future annual earned incomes for Social Security purposes.
In November, 1996, appellant interviewed Peach, who was then 36 years old, for a part-time bookkeeping position to start in early 1997. Kelly and Peach then obtained a new accounting software for company use. However, even after January, 1997 had passed, appellee continued working on a full-time basis, partly due to appellant's need to obtain accurate balances on the old software system prior to fully switching to the new version. On March 12, 1997 appellee and Kelly got into an argument regarding bookkeeping methods and the number of days per week appellee was supposed to work. Kelly at that time told appellee not return to work until George returned from an installation project in Mexico. After George's return, he set up meetings to resolve the situation, but ultimately canceled all but one of them. However, after March 12, 1997, appellant was never recalled for work.
Appellee filed charges against appellant with the Ohio Civil Rights Commission on March 18, and August 7, 1997, alleging age discrimination and retaliation. The Commission instituted a preliminary investigation, and on April 30, 1999, a Commission Hearing Examiner conducted public proceedings. On November 4, 1999, the Examiner issued his recommendation with findings of fact and conclusions of law. On January 27, 2000, the Commission adopted the Examiner's report and issued a cease and desist order against appellant.
On February 28, 2000 appellant filed an appeal with the Ashland County Court of Common Pleas, challenging jurisdiction, sufficiency of the evidence, and calculation of back pay damages. The trial court provided all parties with the opportunity to brief the issues. On June 8, 2000, the trial court issued a judgment entry adopting in full the Commission's findings and orders regarding age discrimination.
Appellant filed a notice of appeal on June 19, 2000, and herein raises the following three Assignments of Error:
 I. THE COURT OF COMMON PLEAS ERRED WHEN IT UPHELD THE OHIO CIVIL RIGHTS COMMISSION'S ASSERTION OF JURISDICTION IN THIS CASE. APPELLANT RAIKE ASSOCIATES INC. IS NOT AN "EMPLOYER" AS THAT TERM IS DEFINED BY OHIO REVISED CODE 4112.01(A). THE COMMISSION ERRONEOUSLY INCLUDED ONE OF APPELLANT'S OWNERS IN DETERMINING THE NUMBER OF EMPLOYEES EMPLOYED BY APPELLANT.
 II. THE COURT OF COMMON PLEAS ERRED WHEN IT UPHELD THE COMMISSION'S CONCLUSION THAT APPELLEE RITA ROPER PROVED SUFFICIENT FACTS TO ESTABLISH ALL ELEMENTS OF A PRIMA FACIE CASE OF AGE DISCRIMINATION. APPELLEE WAS NOT REPLACED BY, NOR DID HER DISCHARGE PERMIT THE RETENTION OF, A PERSON NOT BELONGING TO THE PROTECTED CLASS.
 III. THE COURT OF COMMON PLEAS ERRED WHEN IT UPHELD THE COMMISSION'S FINDINGS AS TO THE CALCULATION OF DAMAGES IN THE FORM OF BACK PAY.
 I
In its First Assignment of Error, appellant argues that the trial court erred in defining the company as an "employer" in order to uphold the jurisdiction of the Ohio Civil Rights Commission. We disagree.
The scope of appellate review of a trial court's judgment is limited to determining whether it abused its discretion in affirming the Commission's order. See United Parcel Service v. Ohio Civil RightsCommission (1991), 71 Ohio App.3d 146, 149. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, issues of statutory construction are reviewed de novo by a court of appeals. Yommerv. Outdoor Enterprises, Inc. (1998), 126 Ohio App.3d 738, 740, citingState v. Wemer (1996), 112 Ohio App.3d 100, 103. For example, the definition of "handicapped," under the anti discrimination provisions of R.C. 4112.01 and 4112.02, is a matter of statutory construction and subject to de novo review as a matter of law. Kemo v. St. Clairsville
(1998), 128 Ohio App.3d 178, 183. Likewise, "* * * with respect to issues of law, the appellate court, like the court of common pleas, reviews the [administrative] agency determinations de novo." VFW Post1238 Bellevue v. Ohio Liquor Control Comm. (1998), 131 Ohio App.3d 591,594, citing In re Raymundo (1990), 67 Ohio App.3d 262, 265.
The statute at issue, R.C. 4112.01(A)(2), indicates that an "[e]mployer includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." Appellant challenges the inclusion of Kelly Raike in the group of "employees" of the company, a decision which brought the company's size up to the minimum required for Commission jurisdiction. Essentially, appellant argues that we reject the "economic realities" test of EEOC v. PettegroveTruck Service, Inc. (S.D. Fla. 1989), 716 F. Supp. 1430, which looks at whether a part-owner performs traditional employee duties in assessing the individual's status as an employee. Instead, appellant urges that we adopt a test analyzing whether a part-owner exercises the autonomy and authority of an owner, as set forth in Powell-Ross v. All Star Radio,Inc. (E.D.Pa. 1995), 68 Fair Empl. Prac. Cas. 1148.
At least one Ohio court has applied the economic realities test for interpretation of R.C. 4112.01(A)(2). See Nehls v. Quad-K. Advertising,Inc. (1995), 106 Ohio App.3d 489. Furthermore, R.C. 4112.08 mandates that "[t]his chapter [4112] shall be construed liberally for the accomplishment of its purposes * * *." Genaro v. Cent. Transport, Inc. (1999), 84 Ohio St.3d 293, 296. Thus, we are unable to declare that the trial court erred as a matter of law in its acceptance of the Commission's test for "employee."
Having so held, our review of the record does not demonstrate an abuse of discretion in determining, pursuant to the Commission's test, that Kelly's day-to-day involvement in company operations placed her in the employee category for purposes of the statute.
Appellant's First Assignment of Error is overruled.
 II
In its Second Assignment of Error, appellant argues that the trial court erred in upholding the Commission's conclusion that there existed aprima facie case of age discrimination. We disagree.
The findings of the Civil Rights Commission as to facts are conclusive if supported by reliable, probative, and substantial evidence. R.C.4112.06(E); Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108. If the findings of the Commission are supported by some reliable, probative, and substantial evidence (albeit disputed evidence), courts are not free to set them aside even though the courts could have drawn different inferences. T. Marzetti Co. v. Doyle (1987), 37 Ohio App.3d 25,29. When reviewing a trial court's decision involving an administrative appeal, the role of the appellate court "is to determine whether the trial court abused its discretion in its consideration of the evidence."Scandinavian Health Spa, Inc. v. Ohio Civil Rights Commission (1990),64 Ohio App.3d 480, 488.
An employee may prove age discrimination by demonstrating that (1) the employee was a member of the statutorily-protected class; (2) the employee was discharged; (3) the employee was qualified for the position; and (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the protected class.Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, syllabus. However, "[t]he burden of establishing a prima facie case of disparate treatment is not onerous." Texas Dept. of Community Affairs v. Burdine (1981),450 U.S. 248, 253.
Appellant specifically contends the evidence does not provide a logical nexus between Kelly's decision to hire Peach Knell and the company's actions in regard to appellee; i.e., category four of the Kohmescher
criteria. However, upon review of the record before us, while the nature of the evidence pertaining to this issue could lead to varying inferences, we cannot conclude the trial court abused its discretion in its consideration thereof. For example, appellant contends that the implementation of its new computer accounting program, utilizing Peach and without training appellee, was attributable to the constraint of appellee's responsibilities in winding up the records on the old system, rather than discriminatory animus based on appellee's age. Nonetheless, taken in conjunction with appellee's testimony that Kelly told her Peach was her accounting replacement and that she was not needed anymore (Tr. at 24), as well as Kelly's remark on March 12, 1997, that appellee should "go home and draw your social security like you're supposed to," (Tr. at 60), we are unable to overturn as an abuse of discretion the trial court's due consideration of the Commissioner's report in this regard.
Appellant's Second Assignment of Error is overruled.
 III
In its Third Assignment of Error, appellant cites as error the trial court's adoption of the Commission's calculation of damages. We disagree.
The Commission required appellant to pay appellee for the amount she would have earned had she been employed full-time from March 12, 1997 through September 21, 1997, and thereafter part-time (30 hours per week) from September 22, 1997 to the date of the Commission's final order. Also, appellant was required to include any raises that appellee would have received, less her interim earnings, plus interest. Appellant essentially argues that it should not be required to pay damages in excess of the $14,750 "limit" on appellee's income under Social Security reimbursement rules, since appellee allegedly "has affirmatively avoided exceeding the Social Security income limit." Appellant's Brief at 16.
Upon review, we find that trial court did not abuse its discretion in upholding the Commission's rejection of appellant's proposal. The record contains reliable, probative, and substantial evidence that appellee's income was hampered in 1997 and 1998 because of the events stemming from her termination and a subsequent lower-paying job which she obtained in March 1998, at the initial part-time rate of just seven dollars per hour. We therefore will not substitute our judgment for that of the trial court.
Appellant's Third Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Wise, J. Farmer, P. J., and Edwards, J., concur.