[Cite as *Estate of Montgomery v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-574.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL MONTGOMERY, Adm. for the Estate of VIVIAN C. MONTGOMERY | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11 CAH 06 0054 |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  10 CV F 01 0090


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 14, 2012


APPEARANCES:

For Plaintiff-Appellant

WILLIAM J. BROWNING
BROWNING, MEYER & BALL
300 West Wilson Bridge Road
Suite 250
Worthington, Ohio  43085

For Defendant-Appellee

MICHAEL DEWINE
OHIO ATTORNEY GENERAL
REBECCA L. THOMAS
ASSISTANT ATTORNEY GENERAL
30 East Broad Street, 26th Floor
Columbus, Ohio  43215-3400

*Wise, J.*

**{¶1}** Appellant Paul Montgomery, Administrator for the Estate of Vivian C. Montgomery, appeals the decision of the Court of Common Pleas, Delaware County, Ohio, which affirmed a decision by the Ohio Department of Job and Family Services ("ODJFS") regarding Medicaid eligibility for Vivian C. Montgomery. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant Paul Montgomery is the son of the late Vivian C. Montgomery and the administrator of her estate. Vivian's husband (and appellant's father) is Carl E. Montgomery, who was age 93 at the time of the proceedings sub judice.

**{¶3}** Vivian began residing in a nursing home in October 2007. On October 8, 2008, her husband Carl purchased a $50,000.00 non-assignable promissory note.[1] The note, administered by Autumn Systems, Inc., provided for forty-three monthly payments of $1,195.05 to be paid to the order of Carl commencing November 1, 2008. At the time Vivian entered the nursing home in October 2007, Vivian's and Carl's combined resources totaled approximately $192,500.00.

**{¶4}** On October 29, 2008, about three weeks after Carl purchased the note, an application for Medicaid benefits was filed on Vivian's behalf with the Delaware County Department of Job and Family Services ("DCDJFS"). By that time, Vivian's and Carl's community resources totaled approximately $94,318.00, which figure excluded the aforesaid promissory note.[2]

---

[1]   The judgment entry under appeal incorrectly states that the note was purchased by Appellant Paul, rather than Carl, the community spouse.

[2]   At the time of the Medicaid application in this case, the maximum "community spouse resource allowance" ("CSRA") was $104,400.00 in resources. The CSRA figure of

**{¶5}** By notice mailed on March 4, 2009, DCDJFS approved Vivian's application for benefits, but it imposed a nine-month period of "restricted coverage" during which she would not be covered by Medicaid for nursing-home vendor payments, although she would be covered for other Medicaid benefits, such as doctor office visits, medications, and medical equipment. The nine-month restricted period was imposed based on the aforementioned $50,000.00 promissory note, which DCDJFS determined to be an improper transfer of community assets. The restriction period was calculated under O.A.C. 5101:1-39-07(J) by dividing $50,000.00 by the then-current average monthly cost of private nursing-home care in Ohio.

**{¶6}** Vivian, via legal counsel, challenged the DCDJFS decision on May 22, 2009 by requesting a State Hearing under R.C. 5101.35(B).

**{¶7}** While that request was pending, Vivian died on June 15, 2009.

**{¶8}** On December 10, 2009, a hearing officer affirmed the DCDJFS decision to restrict coverage. Appellant proceeded to an administrative appeal to the ODJFS Director, who affirmed the hearing officer's decision on January 14, 2010.

**{¶9}** On January 20, 2010, appellant filed an administrative appeal with the Delaware County Court of Common Pleas.

**{¶10}** On May 13, 2011, the trial court issued a ten-page decision affirming the ODJFS decision.

**{¶11}** On June 10, 2011, appellant filed a notice of appeal to this Court. He herein raises the following four Assignments of Error:

---

$94,318.00, subsequent to the promissory note in question, if approved, would thus make Vivian eligible for Medicaid.

**{¶12}** "I. THE COURT ERRED IN FINDING THAT IT IS NOT PERMITTED TO CONSIDER FEDERAL STATUTORY LAW.

**{¶13}** "II. THE COURT IN NOT APPLYING FEDERAL STATUTORY LAW, SPECIFICALLY 42 U.S.C. 1396p(c)(1)(I).

**{¶14}** "III. O.A.C. § 5101:1-39-27(F) (SIC) SHOULD BE APPLIED IN THIS CASE, IN A FASHION CONSISTENT WITH FEDERAL STATUTE.

**{¶15}** "IV. THE COURT ERRED IN NOT IMPLEMENTING O.A.C. § 5101:1-39-27.3(F) IN A FASHION COMPLIANT WITH THE DEFICIT REDUCTION ACT AND HENCE 42 U.S.C. 1396p(c)(1)(I).

**{¶16}** We will jointly address appellant's final three assigned errors first.

II., III., IV.

**{¶17}** In his Second, Third, and Fourth Assignments of Error, appellant contends the trial court erred in its interpretation and application of O.A.C. 5101:1-39-27.3(F) in light of federal law. We disagree.

**{¶18}** When reviewing an order of an administrative agency pursuant to an R.C. 119.12 appeal, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. *Young v. Cuyahoga Work & Training Agency* (July 19, 2001), Cuyahoga App. No. 79123, at 2, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 407 N.E.2d 1265. When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. *Young,* supra, citing *Rossford Exempted Village School District*

*Bd. of Educ. v. State Bd. of Educ.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶19}** However, issues of statutory construction are reviewed de novo by a court of appeals. *Yommer v. Outdoor Enterprises, Inc.* (1998), 126 Ohio App.3d 738, 740, citing *State v. Werner* (1996), 112 Ohio App.3d 100, 103. Thus, " * * * with respect to issues of law, the appellate court, like the court of common pleas, reviews the [administrative] agency determinations de novo." *VFW Post 1238 Bellevue v. Ohio Liquor Control Comm.* (1998)*,* 131 Ohio App.3d 591, 594, citing *In re Raymundo (1990),* 67 Ohio App.3d 262, 265.

**{¶20}** "In Ohio, ODJFS supervises the administration of Ohio's Medicaid program, * * * and has promulgated rules for doing so under the Ohio Administrative Code, which closely mirrors federal Medicaid law." *Pfautz v. Ohio Dept. of Job and Family Services,* Marion App.No. 9-06-62, 2007-Ohio-6424, ¶ 18. Prior to 1988, a married individual in a nursing home was essentially required to "spend down" all of the family assets to the Medicaid eligibility limits before he or she could become eligible for government assistance. See *Vieth v. Ohio Dept. of Job and Family Services*, Franklin App.No. 08AP-635, 2009-Ohio-3748, ¶ 13, citing *Martin v. Ohio Dept. of Human Servs.*(1998), 130 Ohio App.3d 512, 518, 720 N.E.2d 576 (internal quotations omitted). In 1988, Congress passed legislation "*** designed, in part, to prevent the impoverishment of one spouse when the other enters a nursing home." Id. The United States Supreme Court has described aspects of such legislation as an effort by

Congress to "protect community spouses from 'pauperization' while preventing financially secure couples from obtaining Medicaid assistance." See *Wisconsin Dept. of Health & Family Services. v. Blumer* (2002), 534 U.S. 473, 480, 122 S.Ct. 962, 151 L.Ed.2d 935.

**{¶21}** O.A.C. 5101:1-39-05(B)(2) states that assets include "all income and resources of the individual and of the individual's spouse." Under O.A.C. 5101:1-39-05(D)(1), "the resources of spouses residing together are addressed in accordance with the deeming of resources rule in chapter 5101:1-39 of the Administrative Code." Under current law, the "community spouse," i.e., the spouse of the individual needing nursing home care, is permitted to retain a community spouse resource allowance ("CSRA") within a certain monetary range without affecting the other spouse's Medicaid eligibility. At the time of Vivian's Medicaid application in the case sub judice, the minimum CSRA was $20,880.00, while the maximum was $104,400.00.

**{¶22}** Rules addressing promissory note assets in relation to Medicaid eligibility are found in O.A.C. 5101:1-39-27.3. We initially note that the "rule describes the consideration of promissory notes, mortgages, stocks, bonds and loans as resources *when held by an applicant for or recipient of* a medical assistance program." See O.A.C. 5101:1-39-27.3(A), emphasis added.

**{¶23}** The subject of funds used to purchase a promissory note is found in O.A.C. 5101:1-39-27.3(F), which states as follows:

**{¶24}** "(1) With respect to a transfer of assets, as referenced in rule 5101:1-39-07 of the Administrative Code, funds used to purchase a promissory note, mortgage or loan are considered an asset *unless* the promissory note, mortgage or loan:

**{¶25}** (a) Has a repayment term that is actuarially sound as determined in accordance with actuarial publications of the office of the chief actuary in 26 C.F.R. 20.2031-7 as in effect April 1, 2005;

**{¶26}** (b) Provides for payments made in equal amounts during the term of the promissory note, mortgage or loan, with no deferral and no balloon payments made; and

**{¶27}** (c) Prohibits the cancellation of the balance upon the lender's death." (Emphasis added).

**{¶28}** O.A.C. 5101:1-39-27.3(F) resembles 42 U.S.C. 1396p(c)(1)(I), which reads:

**{¶29}** "For purposes of this paragraph with respect to a transfer of assets, the term "assets" includes funds used to purchase a promissory note, loan, or mortgage unless such note, loan, or mortgage --

**{¶30}** "(i) has a repayment term that is actuarially sound (as determined in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration);

**{¶31}** "(ii) provides for payments to be made in equal amounts during the term of the loan, with no deferral and no balloon payments made; and

**{¶32}** "(iii) prohibits the cancellation of the balance upon the death of the lender.

**{¶33}** "In the case of a promissory note, loan, or mortgage that does not satisfy the requirements of clauses (i) through (iii), the value of such note, loan, or mortgage shall be the outstanding balance due as of the date of the individual's application for medical assistance for services described in subparagraph (C)."

**{¶34}** O.A.C. 5101:1-39-27.3(F) was added to Ohio's administrative code in response to changes in federal law under the Deficit Reduction Act ("DRA"), Pub.L. No. 109-171, 120 Stat. 4 (2006), which was signed into law in 2006. "The DRA contains amendments to the Social Security Act 'effecting broad changes to the laws governing Medicare and Medicaid coverage.'" See *Vieth*, supra, at ¶ 18 (additional citation omitted).

**{¶35}** Both sides in this appeal have provided well-researched and thorough briefs on the focal issue of whether the community spouse's purchase of a promissory note, which in this case meets the criteria of O.A.C. 5101:1-39-27.3(F), should be excluded from the community spouse's assets where the note is held by him and the payments thereon go to him. Appellant directs us to various federal statutes and administrative rules in support of his essential argument that the promissory note in question must be viewed as part of the couple's resources, and the fact that it is held by him personally is immaterial for qualifying as an excludable asset under O.A.C. 5101:1-39-27.3(F). He urges that Section 6011 of the DRA, which altered some of the rules relating to promissory notes, was meant by Congress to restrict the use of the CSRA revisions while allowing individuals to utilize promissory notes and annuities to protect the community spouse, albeit within certain guidelines. Appellant also urges that Carl's note satisfies the requirements of § 1396p(c)(1)(I), supra, and thus argues that the trial court's application of O.A.C. 5101:1-39-27.3(F), and its finding that the note was an improper transfer, renders 1396p(c)(1 )(I) a nullity.

**{¶36}** However, upon review of the parties' arguments and the aforementioned provisions, we conclude, as did the trial court, that despite the alleged intent of

Congress to protect a community spouse's assets in this situation, under the plain language of O.A.C. 5101:1-39-27.3(A), supra, the promissory note was not "held by an applicant for or recipient of a medical assistance program," and thus cannot be recognized as a promissory note excludable as an asset under subsection .27.3(F).

**{¶37}** Appellant also directs us to *Vieth v. ODJFS*, supra, and *Rorick v. ODJFS*, Hamilton App.No. C–090627, 2010-Ohio-5571, which have excluded annuities held by a community spouse from consideration as assets for Medicaid purposes. However, annuities are addressed in a separate section of the administrative code (O.A.C. 5101:1-39-22.8), and we find these two cases unpersuasive in our present analysis.

**{¶38}** Accordingly, appellant's Second, Third, and Fourth Assignments of Error are overruled.

I.

**{¶39}** In his First Assignment of Error, appellant contends the trial court erred in finding it impermissible to consider federal law in this matter.

**{¶40}** In the judgment entry under appeal, the trial court stated that it "may not consider the federal statute *** in this instance." Judgment Entry, May 13, 2011, at 9. While this appears to be an overstatement by the court, based on our previous analysis herein, we find any error therein does not affect the outcome of the within appeal, and therefore find the claimed error to be harmless under the facts and circumstances of the present case.

**{¶41}** Appellant's First Assignment of Error is overruled.

**{¶42}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0125

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

PAUL MONTGOMERY, Adm. for the  :
Estate of VIVIAN C. MONTGOMERY  :
                                :
    Plaintiff-Appellant         :
                                :
-vs-                            :         JUDGMENT ENTRY
                                :
OHIO DEPARTMENT OF JOB          :
AND FAMILY SERVICES             :
                                :
    Defendant-Appellee          :         Case No. 11 CAH 06 0054

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES