[Cite as *Snyder v. Ohio Real Estate Appraiser Bd.*, 2017-Ohio-5790.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES SNYDER | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Appellant | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| OHIO REAL ESTATE APPRAISER<br>BOARD | Case No. 2016 AP 11 0058 |
| Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
                            Pleas, Case No.  2016 AA 03 177

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     July 11, 2017

APPEARANCES:

For Appellant                    For Appellee

KRISTIN E. ROSAN                 MICHAEL DEWINE
DARCY A. SHAFER                  ATTORNEY GENERAL OF OHIO
MADISON & ROSAN                  KEITH O'KORN
39 East Whittier Street          PETER L. JAMISON
Columbus, Ohio  43206            ASSISTANT ATTORNEYS GENERAL
                                 30 East Broad Street
JOSEPH I. TRIPODI                26th Floor
JOSEPH I. TRIPODI, CO., LPA      Columbus, Ohio  43215-3400
114 East High Street
New Philadelphia, Ohio  44663

*Wise, John, J.*

{¶1} Appellant Charles Snyder appeals the decision of the Court of Common Pleas, Tuscarawas County, which, in an administrative appeal, upheld the decision of Appellee Ohio Real Estate Appraiser Board issuing sanctions against him. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Snyder is an Ohio certified general real estate appraiser, holding professional designations of RM (Residential Member) and MAI (Member Appraisal Institute) from the American Institute of Real Estate Appraisers. He has been in practice for more than thirty-seven years, and his work has included the appraising of religious structures and historic buildings in Ohio. Appellant has also been recognized by state and federal courts as a real estate appraiser expert.

{¶3} In 2010, the Knox County Career Center engaged appellant to conduct an appraisal of certain real property Yauger Road, Mount Vernon, Ohio, that the Center had already orally agreed to purchase for the sum of $1,500,000.00. The subject property, formerly a church, was intended to be re-purposed as an adult education facility.

{¶4} On or about June 4, 2010, appellant issued a written appraisal of the subject property stating a fair market value of $1,600,000.00. In the appraisal, appellant certified the accuracy of his factual statements in his report and that his analyses, opinions, and conclusions conformed to the Uniform Standards of Professional Appraisal Practice ("USPAP" or "practice standards").

{¶5} On March 19, 2014, the Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("Division") received a letter from the Office of the Auditor of State advising the Division that it was conducting an investigation into the

Center's purchase of the aforesaid Yauger Road property. The letter was treated by the Division as a complaint filed against appellant concerning his appraisal of the subject property, including apparent concerns that the appraisal was inflated.

**{¶6}** On March 31, 2015, the Division sent appellant a notice of opportunity for hearing stemming from the Division's investigation of the complaint. Said notice advised that the Superintendent had determined appellant had violated certain provisions of R.C. Chapter 4763, as detailed in eleven paragraphs set forth on an attached "Exhibit A." Charges 1 through 9 declared appellant had failed to "sufficiently summarize" adjustments made and had failed to properly reference an existing "sales contract." Charge 10 claimed a failure to clearly or conspicuously state that appellant's "extraordinary assumptions" may have impacted the result of the appraisal.[1] Finally, Charge 11 was a form of a "catch all" claiming cumulative errors in the appraisal.

**{¶7}** A second notice of opportunity for hearing was sent to appellant on April 7, 2015, correcting the date and detailing the same alleged violations.

**{¶8}** Appellant timely requested a hearing, which was thereafter held on July 9, 2015, before a hearing officer, Richard D. Brown. At this hearing, testimony was first adduced regarding the jurisdictional background from Danitra Kourkounakis, manager of the Enforcement Section of the Division of Real Estate and Professional Licensing. The

---

[1] The extraordinary assumptions were as follows: 1. The church's steeple would be removed and an appropriate roof system would be completed to ensure no water leakage; 2. The baptistery would be removed by the current owner; 3. All non-real estate items would be included in the transaction (such as sound equipment, audio-visual equipment, and kitchen appliances); 4. The access driveway that encroaches on the adjacent property on the east side of the subject property would be permitted to remain.

hearing officer then heard testimony from appellant and appellant's expert witness, Charles L. Cather. A number of exhibits were also presented.

{¶9} On August 10, 2015, the hearing officer issued findings of fact and conclusions of law. The hearing officer concluded the evidence was insufficient to prove any violation of USPAP, including the aforesaid eleven charges, and therefore the Division had failed to meet its burden to prove the charges by a preponderance of the evidence. The hearing officer further determined that the errors in appellant's appraisal report were not significant enough, even when considered cumulatively, to call into question the credibility of the report.

{¶10} On November 19, 2015, the Board met to review the findings of fact and conclusions of law, as well as the Division's objections filed August 21, 2015. Appellant attended the meeting with counsel.

{¶11} The Board's deliberations resumed on February 25, 2016. No additional arguments or evidence were heard at said meeting. Having obtained a requested opinion from the Attorney General's Office, the Board voted to reject in part the hearing officer's findings of fact and conclusions of law. An "Adjudication Order" was issued on March 2, 2016, reflecting the Board's determination that Snyder had committed violations under charges 9 through 11. Specifically, the Board concluded appellant had failed under R.C. 4763.11(G) and various USPAP rules to "sufficiently summarize" his analysis of the "subject property's sales contract of $1,500,000" and that although appellant had stated several extraordinary assumptions in his appraisal, he had "failed to clearly or conspicuously state their use might have affected [his] assignment results." The Board also determined that these two violations significantly affected the credibility of the

appraisal report for the intended use, or, in the alternative, that appellant had rendered appraisal services in a negligent or careless manner.

**{¶12}** For these violations, the Board imposed a public reprimand, fines in the aggregate amount of $1,000.00, and a twenty-day suspension.

**{¶13}** Snyder filed a notice of appeal of the Board's adjudication order to the Tuscarawas County Court of Common Pleas. He therein argued that the order was contrary to law and was not supported by reliable, probative and substantial evidence. Additionally, appellant asserted that the Board's alleged unilateral substitution of its own opinion in lieu of the evidence admitted at the hearing constituted a violation of his due process rights.

**{¶14}** Oral arguments were held before the common pleas court on September 6, 2016.

**{¶15}** On October 27, 2016, the common pleas court issued its decision, finding that the adjudication order, including the determination as to charges 9, 10, and 11, was supported by reliable, substantial, and probative evidence.

**{¶16}** On November 23, 2016, appellant filed a notice of appeal to this Court. He herein raises the following three Assignments of Error:

**{¶17}** "I. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT THE BOARD COULD SUBSTITUTE ITS OPINION IN LIEU OF THE EVIDENCE IN THE RECORD.

**{¶18}** "II. THE LOWER COURT'S JUDGMENT OBLITERATES SNYDER'S DUE PROCESS RIGHTS.

**{¶19}** "III. THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE BOARD'S FINDINGS WERE SUPPORTED, BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE."

I.

**{¶20}** In his First Assignment of Error, appellant contends the trial court erred in affirming the Board's decision, alleging the trial court effectively allowed the Board to substitute its opinion in lieu of the evidence. We disagree.

*Oversight of Real Estate Appraiser Practice*

**{¶21}** Increased regulation of real estate appraisers in the United States, including the establishment of USPAP, has developed in response to events in the lending industry that led to the savings and loan crisis of the 1980s. *See*, *e.g.*, *State of Alaska*, *Dept. of Commerce, Community & Economic Dev. v. Wold*, 278 P.3d 266, 270 (Alaska 2012).

**{¶22}** In Ohio, R.C. 4763.13(A) mandates in pertinent part as follows regarding real estate appraisers: "*** A certificate holder, registrant, and licensee also shall comply with the uniform standards of professional appraisal practice, as adopted by the appraisal standards board of the appraisal foundation and such other standards adopted by the real estate appraiser board, to the extent that those standards do not conflict with applicable federal standards in connection with a particular federally related transaction."

**{¶23}** R.C. 4763.02(A) establishes the Ohio Real Estate Appraiser Board, consisting of five members appointed by the Governor of Ohio, with the advice and consent of the Ohio Senate. Pursuant to R.C. 4763.11(G), the Board "shall take any disciplinary action authorized by this section against a certificate holder, registrant, or licensee" who is found to have committed certain acts, omissions, or violations during the

appraiser's certification, registration, or licensure. These include violations of standards for the development, preparation, communication, or reporting of an appraisal report, failure or refusal to exercise reasonable diligence in developing, preparing, or communicating an appraisal report, and negligence or incompetence in developing, preparing, communicating, or reporting an appraisal report. *See* R.C. 4763.11(G)(5),(G)(6),(G)(7).

**{¶24}** If the Board's decision results in disciplinary action, the certificate holder, registrant, or licensee has the right to a hearing pursuant to R.C. Chapter 119 and to an appeal to a court of common pleas. R.C. 4763.11(J).

*Standards of Review*

**{¶25}** R.C. 119.12 addresses administrative appeals by, among others, "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication *** revoking or suspending a license ***." When reviewing an order of an administrative agency pursuant to a Chapter 119 appeal, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. *Young v. Cuyahoga Work & Training Agency,* 8th Dist. Cuyahoga No. 79123, 2001 WL 824466, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 407 N.E.2d 1265.[2]

**{¶26}** When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. *Young, supra*, citing *Rossford Exempted Village School*

---

[2] The standards of review under R.C. 119.12 and R.C. 2506.04 are substantially similar. *Ellison v. Hillsboro*, 63 N.E.3d 555, 2016-Ohio-1556, ¶ 18 (4th Dist.). *See, also, Knight v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 49451, 2016-Ohio-5133, ¶ 31.

*District Bd. of Educ. v. State Bd. of Educ.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Thus, in appeals from administrative agencies, "[i]t is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (addressing appeals under R.C. Chapter R.C. 4117).

**{¶27}** Generally, however, issues of statutory construction are reviewed *de novo* by a court of appeals. *Yommer v. Outdoor Enterprises, Inc.* (1998), 126 Ohio App.3d 738, 740, 711 N.E.2d 296. Thus, "* * * with respect to issues of law, the appellate court, like the court of common pleas, reviews the [administrative] agency determinations *de novo*." *VFW Post 1238 Bellevue v. Ohio Liquor Control Comm.* (1998), 131 Ohio App.3d 591, 594, 723 N.E.2d 161, citing *In re Raymundo (1990),* 67 Ohio App.3d 262, 265, 586 N.E.2d 1149.

*Analysis*

**{¶28}** As noted in our recitation of the case, the Board in this instance found appellant had committed three violations of the practice standards, all pertaining to the issues of references in the appraisal report to the prior purchase agreement and to the four extraordinary assumptions, despite appellant's own testimony and the opinion of his expert witness that no USPAP violations had occurred. None of the charged violations specifically alleged the appraisal was "inflated" in any manner; rather, Charge 9 declared appellant had failed to "sufficiently summarize" adjustments made and failed to properly

reference a pre-existing sales agreement. Charge 10 claimed a failure to clearly or conspicuously state that extraordinary assumptions may have impacted the result of the appraisal.   Finally, Charge 11, the "catch all" provision, claimed cumulative errors substantially impacted the credibility of the report, or, in the alternative, that appellant had rendered appraisal services in a negligent or careless manner.

**{¶29}** Appellant herein essentially contends the trial court should have overturned the Board's determinations because the Board allegedly "improperly replaced its own 'expert' opinion for that of the evidence received at the adjudication hearing." Appellant's Brief at 9. He thus maintains the trial court has effectively ruled that all the Board needs "is a copy of the appraisal report to make a determination as to whether to forever impact an individual's livelihood." *Id.* at 6.

**{¶30}** In support, appellant directs us to *In re Williams* (1991), 60 Ohio St.3d 85, 573 N.E.2d 638. In *Williams*, a physician appealed a determination by the State Medical Board that he had failed to conform to minimal standards of medical practice by prescribing certain controlled substances. The Ohio Supreme Court therein stated that "[w]hile the board has broad discretion to resolve evidentiary conflicts, and determine the weight to be given expert testimony, it cannot convert its own disagreement with an expert's opinion into affirmative evidence of a contrary proposition where the issue is one on which *** experts are divided and there is no statute or rule governing the situation." *Id.* at 87 (internal case citations omitted).

**{¶31}** The Ohio Supreme Court has nevertheless made quite clear that "[t]he *Williams* court found that the board's case failed due to a lack of evidence, *not* because the board failed to present expert testimony." *State Med. Bd. of Ohio v. Murray*, 66 Ohio

St.3d 527, 534, 1993-Ohio-14, 613 N.E.2d 636 (emphasis added). Indeed, appellant concedes in his reply brief that he is not attempting to argue under *Williams* that the Division was required to present expert testimony before the Board. *See* Reply Brief at 9.[3]

{¶32} Upon review, we conclude the Board had the authority under Ohio law, if not the duty, to consider as evidence and review appellant's appraisal report itself for defects under the USPAP requirements, and we find no merit in appellant's essential contention that the trial court's affirmance in the case *sub judice* allowed the Board to improperly substitute its opinion in lieu of the evidence.

{¶33} Appellant's First Assignment of Error is therefore overruled.

II.

{¶34} In his Second Assignment of Error, appellant contends the trial court's decision upholding the Board's decision deprived him of his right to due process of law. We disagree.

{¶35} Procedural due process, as it applies to administrative hearings, includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard. *Just Like Home 2 v. Ohio Dept. of Health*, 11th Dist. Trumbull No. 2010-T-0007, 2010-Ohio-3358, ¶ 25, citing *State ex rel. B.F. Goodrich Co. v. Indus. Comm. of Ohio* (1991), 73 Ohio App.3d 271, 274, 596 N.E.2d 1118.

{¶36} In the case *sub judice*, appellant first argues, in close conformity to his first assigned error, that the trial court should have rejected the Board's decision because the

---

[3] Nonetheless, we note appellant also urges that "the Division provided no evidence of the standard of care" in his arguments as to due process. *See* Appellant's Brief at 12.

Board failed to avail him of a legitimate opportunity to be heard. He charges that his chance to be heard was a "farce," again asserting that the Board improperly disregarded the evidence and replaced it with its own opinion. Appellant's Brief at 11. However, based on our previous rejection of this rationale, we find no merit in appellant's claim that he was thereby deprived of due process before the Board.

**{¶37}** Appellant secondly argues that the Board's order failed to adequately state its reasons for its partial disapproval of the hearing officer's decision. R.C. 119.09 states in pertinent part: "*** [I]f the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval." However, where a board sets forth its reasons for modifying a hearing examiner's recommendations, the "barest of explanations" suffices to satisfy the requirements of R.C. 119.09. *See Matter of Euclid,* 10th Dist. Franklin No. 93AP-138, 1993 WL 317239. "All that is required is that the board include within the record of its proceedings its reasons for rejecting the referee's recommendation." *Pushay v. Walter,* 10th Dist. Franklin No. 83AP-1103, 1984 WL 5901. Furthermore, where the entity advancing the objections [the OAG in the present case] provides the reasoning that supports a modification of the hearing officer's recommendations, inclusion of said objections in the record constitutes compliance with R.C. 119.09. *See Harper v. Ohio Dept. of Rehab. & Corr.,* 7th Dist. Mahoning No. 08 MA 259, 2010-Ohio-1540, ¶49. *See, also, Bennett v. State Med. Bd. of Ohio,* 10th Dist. Franklin No. 1OAP-833, 2011-Ohio-3158, ¶19.

**{¶38}** In the case *sub judice*, the Board stated its reasons in its order for the modification by comparing the practice standards' requirements with the record. It

reasoned that appellant had violated USPAP in failing to set forth an analysis of the agreement of sale or provide a proper statement that the extraordinary assumptions might have affected the appraisal assignment, thereby committing substantial errors that affected the credibility of the report, or, in the alternative, that appellant had rendered appraisal services in a negligent or careless manner. Furthermore, the Board referenced and included the Attorney General's written objections and the oral arguments in the record by expressly stating that it made its decision "[u]pon review of the charges and the record of the hearing [before the hearing officer]." Accordingly, we find the Board properly followed the statutory process and afforded appellant his requisite due process.

{¶39} We therefore find no merit in appellant's above contentions that the trial court's decision upholding the Board's decision deprived him of his right to due process of law.

{¶40} Appellant's Second Assignment of Error is overruled.

III.

{¶41} In his Third Assignment of Error, appellant contends the trial court abused its discretion when it found that the board's findings were supported, by reliable, probative and substantial evidence. We disagree.

{¶42} Appellant again maintains that there was "no evidence" in the record to support the determination that he failed to comply with USPAP requirements and that the appraisal report contains errors that affected its credibility. He asserts that the Board's decision relied upon "minor technical errors" and set a bar of perfection regarding appraisal reports. However, as in our redress of appellant's first assigned error, we conclude the Board had the authority to consider, as part of its review, appellant's

appraisal report itself for defects under the USPAP requirements, and we find no reversible error, under our abuse of discretion standard, in the trial court's conclusion that the board's findings were supported, by reliable, probative and substantial evidence.

**{¶43}** Appellant's Third Assignment of Error is overruled.

**{¶44}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle E., J. concur.


JWW/d 0626